. By the Court.
Duer, J.
Although in compliance with the wishes of the plaintiff’s counsel, we reserved this case for further consideration, our conviction, as expressed upon the argument, is unchanged—that the referee, had he refused to dismiss the complaint, would have committed a grave error, which we should have felt it our duty to correct. There was an entire failure of the proof that the plaintiff was bound to give.
A complaint must, in all cases, be so framed and expressed as to convey to the mind of the defendant full information of the facts which are relied on as the ground of the action, and in judging of its meaning the words used are to be understood in their ordinary and popular sense. It is this that the code evidently means in requiring that the complaint shall be “ a plain and concise statement of the facts constituting the cause of action.” A plain statement is one that may be readily understood, not merely by lawyers, but by all who are sufficiently acquainted with the language in which it is written.
The plain and obvious meaning of this complaint, that which its words immediately and naturally suggest, is that O’Rielly *565 settled the account rendered by the defendants by paying to them, in money, the whole amount they claimed to be due, and that it is a sum of money which he then over-paid, in consequence of an over-charge in their account, that the plaintiff, as his assignee, now seeks to recover. The evidence, however, shows, and the plaintiff’s reply, in effect, admits, that no money whatever was paid, but that the settlement between O’Rielly and-the defendants was wholly effected by an order given by him for the delivery of stock. The variance between the complaint and the proof is, therefore, manifest and fatal, unless we are bound to give a construction to the former widely different from that which, it is not denied, its terins plainly import.
That we are so bound is the argument on the part of the plaintiff. The argument is, that a payment in stock is, in judgment of law, a payment in money,and may consequently, with entire propriety, be described as such in the complaint; and in support of the argument, we were assured that the supreme court has recently decided that a mode of pleading which substitutes a legal interpretation of the facts constituting the cause of action for the facts themselves, is not only reconcilable with the provisions of the code, but is that which, in all cases, it is desirable should be followed. According to this argument, therefore, and the decision or decisions to which we were referred, this complaint would have been good, and would have been sustained by the proof actually given, had it merely stated that the defendants were indebted to O’Rielly for the sum demanded, as money had and received by them to his use, and that this claim had been assigned to the plaintiff, since it is quite certain that money over-paid by mistake in a settlement of accounts, is, in judgment of law, money had and received by the creditor to the use of the debtor.
We cannot, however, without renouncing entirely the exercise of our own judgment, assent to the argument of the counsel, or follow the decision upon which it seems to have been founded. The language of this court, and I believe of all its judges, from the time the code has been in operation, has been uniform, that a complaint must set forth all the material and issuable facts which are relied on as establishing the plaintiff's right of action, and not the inferences from those facts, which, under the *566 advice of his counsel, he may deem to be the conclusions of law. To draw the proper conclusions from the facts which are relied on as constituting a cause of action, or a valid defence, is the exclusive province and duty of the court, and to enable the court to discharge that duty, the facts themselves, not the conclusions that are supposed to flow from them, must be stated in the pleading, without prolixity, but with reasonable fulness and certainty. Every pleading under the code must be so framed as to raise upon its face the question, whether, admitting the facts stated to be true, the plaintiff or defendant is entitled to judgment, instead of leaving that question to be raised and determined upon the trial, as it necessarily must be left in all cases where the facts are concealed, and their legal construction, or supposed legal construction, alone is stated. > There can be no demurrer to a count for money had and received, and if such a complaint is good, every pleading under the code may be so framed as to leave the adverse party in total ignorance of the facts meant to be proved, and yet be safe from a demurrer. Thus, the manifest design of the code in compelling parties to plead specially, by requiring the facts to be stated, would be completely frustrated, and a system of pleading be introduced which, as universal in its application, would be far more obscure and deceptive than that which has been abolished.
We deem it needless to pursue the discussion. We believe that the construction to which we must adhere, is not only necessary to carry into effect the principal and governing intent of the code, but that there is no other construction that can be reconciled with its language. The “ facts ” which are required to be stated as “ constituting the cause of action,” can only mean real, traversable facts, as distinguished from propositions or conclusions of law, since it is the former, not the latter, that can alone, with any propriety, be said to constitute the cause of action. It may be true, that the code has not carried out its own principles to their legitimate result, by requiring the parties, in all cases, to conduct their pleadings to a definite issue, but this is certainly no reason for violating those principles in the construction of the pleadings that are required. We are not to repeal the code, by judicial construction, because we may believe it to be imperfect.
*567 In affirming, as we must, the decision of the referee, that the evidence given, was not admissible in support of the complaint, we are not to be understood as assenting to the rule of law, by which alone the complaint, in its actual form, was sought to be justified. We can by no means admit, that a delivery of stock is, in all cases, equivalent in law, to a delivery of money, corresponding in amount with the agreed value of the stock, when received. So far as the mere satisfaction of a debt is concerned, it is so, but whether it is so, as the measure of a liability, which the delivery creates, must depend entirely upon the nature of the transaction, and the actual intentions of the parties. If the settlement between O’Rielly and the defendants, was in truth, as has been alleged, nothing more than a compromise of a very doubtful debt, the application of the supposed rule might lead to the greatest injustice, since its effect might be to compel the payment, by the defendants, of a sum of money, perhaps exceeding the whole real value of the stock which they received. The shares which they consented to receive at ninety per cent., may not have been worth five, perhaps, may not have been convertible into cash at all.
We shall not now express any opinion upon the nature or extent of the relief to which the plaintiff, as the assignee of O’Rielly, may be entitled. It is sufficient to. say, that the dismissal of this complaint will be no bar to any relief, legal or equitable, to which his title in a future suit may be established.
The judgment, upon the report of the referee, is affirmed, with costs. (a.)

 In Nightingale and others v. Davisson, (5 Burr. 268-9,) it was held by Lord Mansfield and his brethren, that East India stock, which the defendant, as against the plaintiffs, was not entitled to retain, could not be treated as money, in an action for money had and received; the proper remedy was in equity.