JOHN BATTERSON v. CHICAGO & GRAND TRUNK RAILWAY COMPANY.

*Negligent injury—Construction of pleadings—Master not guarantor of servant's safety—Exemplary damages.*

A party suing for negligent injury is bound to set forth in his declaration the material facts relied on as his cause of action and to prove the same combination of circumstances.

Pleadings are for the purpose of informing the parties and the court of the precise subject of the controversy; their wording must be precise.

Declarations are construed with reasonable intendments and their terms are read and applied in the natural and usual sense and without supposing qualifications which, though possible, are not fairly indicated.

A declaration for negligent injury to a brakeman while uncoupling cars set forth that it was occasioned by a deep hole between the rails. The evidence was that it was between the rails *of a side track*. *Held* that the declaration would naturally be construed to refer to the main track, and that the variance was material, especially when taken in connection with other variances as to the nature of the hole and the extent of the injury.

A master's liability for injuries to his servant from defective arrangements is not that of an insurer or guarantor if the defect was apparent to ordinary observation. It is a question of reasonable care and diligence in providing against it

The law does not impose impracticable rules of duty, but is satisfied with what is fairly reasonable under the circumstances.

In an action against a railway company for negligent injury to an employee from a defect in a roadway which has just come under its control from another company, there can be no presumption that defendant had had sufficient time to remedy the defect.

Exemplary damages cannot be allowed where there was no willfulness or malice. *Held* that in an action by a railway employee against the company for negligent injury, the damages could not properly exceed the measure of strict compensation, and that an instruction to the jury that they might consider the "mortification" which the injured person endured, was misleading.

Error to Ingham. Submitted June 21. Decided Oct. 11.

CASE. Defendant brings error. Reversed.

*M. V. Montgomery* for appellant.

*Conely & Lucking* for appellee. Masters must furnish servants entering their employment suitable and reasonably safe places in which to do their work: *Swoboda v. Ward* 40 Mich. 420; recovery has been had for injuries to brakemen from stepping into holes in the road-bed while coupling cars: *Snow v. Housatonic Rd.* 8 Allen 441; *Plank v. N. Y. Cent. & H. R. R. Co.* 1 Thomp. & C. (N. Y.) 319; *Lewis v. Railroad* 59 Mo. 495; whoever is permitted to exercise the master's authority in regard to the safety of

premises, the fitness of the tools, implements and materials he uses and the servants he employs, is charged with the master's duty toward his servants in regard to these matters, and the master is responsible for want of proper caution on the agent's part, or for his own personal negligence : Cooley on Torts 561 ; *Hough v. Ry.* 100 U. S. 213 ; *Fuller v. Jewett* 80 N. Y. 46, 53 ; *Holden v. Fitchburg Rd.* 129 Mass. 268 ; *Ford v. Fitchburg Rd.* 110 Mass. 240 ; *Ill. Cent. R. R. v. Welch* 52 Ill. 187 ; *Chicago Ry. v. Jackson* 55 Ill. 492 ; *Lewis v. R. R.* 59 Mo. 495 ; *Stoddard v. St. Louis Ry.* 65 Mo. 514 ; *Bessex v. Ry.* 45 Wis. 477 ; *Brabbits v. Ry.* 38 Wis. 289 ; *Shanny v. Androscoggin Mills* 66 Me. 420 ; *Buzzell v. Laconia* 48 Me. 113 ; *Drymala v. Thompson* 26 Minn. 40 ; *Cooper v. Central Rd.* 44 Ia. 134 ; *Lake S. Ry. v. McCormick* 74 Ind. 445 ; see however, 31 Ind. 174 ; contra : *Snyder v. Phila.* 78 Pa. St. 23 ; *Wonder v. B. & O. R. R.* 32 Md. 411 ; *Cumberland v. State* 44 Md. 293 ; *Mobile v. Thomas* 42 Ala. 672.

GRAVES, C. J.   On and for some time prior to January 2, 1880, Batterson was in the service of the Northwestern & Grand Trunk Railroad Company as a brakeman between Battle Creek and Flint, and on the morning of that day and about dawn, and while trying to couple cars at Hamilton, his hand was caught between the draw-bars and badly injured. April 6, 1880, the Northwestern & Grand Trunk Railroad Company and their lines were consolidated into one organization, which is the present defendant; and in January, 1881, this suit was brought against it for the injury in question, and it then stipulated for the purpose of the trial that it had succeeded to the liabilities of the Northwestern & Grand Trunk Company.

*First.* A question of variance is raised.   The case shown by the evidence was very different, it is said, from the case stated in the declaration and denied by the plea.   It was incumbent on the plaintiff to specify the grievance of which he complained.   He was bound to set out the combination of material facts relied on as his cause of action and follow

up his allegations by evidence pointing out and proving the same combination of circumstances. *Flint & P. M. Ry. Co. v. Stark* 38 Mich. 714; *Marquette H. & O. Ry. Co. v. Marcott* 41 Mich. 433; *Smith v. Tripp* 13 R. I. 12 Rep. 755. By resorting to two counts he described his case in two ways, but he claims now that the recovery was had on the last count. And according to his view of that count it only differs from the other in alleging that the hole in question had existed from the first construction of the' track and that the road-bed itself had never been made properly. Both counts are given below.*

The subject to be first referred to is the meaning of the declaration. How was the language to be understood by the defendant and the court below? Every system of judicial altercation has for its object the accomplishment of two ends, the first to apprise the parties, and the second to apprise the court, of the precise subject of the controversy. And these ends imply the necessity for precision in the use

---

* *County of Ingham—ss:* John Batterson, plaintiff herein, by Conely & Lucking his attorneys, complains of the Chicago & Grand Trunk Railroad Company, a corporation organized and existing under the laws of Michigan, defendant herein, of a plea of trespass on the case, filing this declaration, entering rule to plead, etc., as commencement of suit. 1st. For that whereas, the Northwestern & Grand Trunk Railroad Company was on the 2d day of January, 1880, and prior thereto, a corporation existing and doing business under the laws of Michigan, and was the owner and operator of a line of railway between Flint, Michigan, and Lansing, Michigan, and the said plaintiff was an employe of said last-named company, and was a brakeman on one of its freight trains, and was engaged as such brakeman on one of said trains on said day, and said train reached Hamilton, Michigan before daylight on the morning of the said day; and it then became and was necessary for the said plaintiff to make a coupling of two freight cars together, and to that end to step inside the rails and between the two cars as they came together; and at that point where it became necessary for plaintiff to step between the rails, there existed a deep hole or rut, and the same had existed for a long time previous thereto, and plaintiff did not see the same; and as the cars came together plaintiff stepped into said hole, and, by reason thereof, lost his balance and was thrown suddenly forward; and plaintiff, to save himself, caught hold of the link, and before he could recover himself and release the same, the cars came together and his right hand was crushed off, whereby plaintiff had suffered great pain and great loss of money, and, as he is a laboring man, his ability to gain a livelihood has been greatly diminished thereby. And it was the duty of the said last-named company to the plaintiff to have kept the said track or road-bed in good repair, and not to have allowed the said hole or rut to exist there; but said company negligently and carelessly failed to perform said duty; and this plaintiff did not then, or prior thereto, know of said hole

of words in order to avoid equivocation and guard against the mischief and injustice of misleading statements. In construing the language of a declaration the course is to make reasonable intendments and read and apply the terms in the natural and usual sense and without supposing this or that qualification which, though possible, is not fairly indicated. 1 Chit. Pl. (16th' Am., 7th Eng. ed.) 261, 258; *Mann v. Morewood* 5 Sandf. 557.

Now, reading the words of the declaration in their obvious and *prima facie* sense, the meaning is clear that the hole into which the plaintiff stepped was a small sink in the otherwise ordinary even surface between the rails of the main or through track, and that plaintiff's injury consisted of a literal severance of his hand from the arm. The inherent force of the declaration to convey the idea that the hole specified was in the main track was aided by independent considerations. It is matter of common knowledge that

---

or rut, and had no reason to anticipate the same, and plaintiff was free from negligence in respect to the cause of his said injury; whereby an action accrued to plaintiff on said day against said last-named company, and said right of action continued to exist down to and including the time of the consolidation hereinafter set out; and afterwards to-wit, on the 6th day of April, 1880, a consolidation was formed between said last-named company, under the statute in such case made and provided, and one or more other railroad companies, forming a continuous line, by which they became merged in a new corporation, whose corporate name then was and now is the Chicago & Grand Trunk Railroad Company, the defendant herein. Wherefore, by virtue of the statute in such case made and provided, said right of action attached to said defendant, and now exists against the same. 2d. And for that whereas, also, the Northwestern & Grand Trunk Railroad Company was, on the 2d day of January, 1880, and prior thereto, a corporation, and the owner and operator of a line of railroad as set out in the first count; and the plaintiff was its employe and a brakeman on one of its trains as therein set out; and plaintiff was injured at Hamilton, Mich., in the manner set out in the first count, and by reason of the hole or rut in the track mentioned in said first count; and plaintiff alleges that said hole had existed in said track for a long time previous to said time of said injury, and since the original construction of said road-bed and track, and that said track and road-bed had never been properly made, and it was the duty of said last-named company to have constructed said track properly, and not to have allowed said hole to be and remain there; but it negligently failed to perform said duty, and plaintiff did not know of said hole, had no reason to anticipate the same, and was himself wholly free from negligence in respect to his said injury; whereby an action accrued to the said plaintiff on said day against said last-named company, and now exists against the said defendant by reason of the facts set out in the first count; to the plaintiff's damage ten thousand dollars, and therefore he brings suit, etc.

there is generally but one track, and here there was nothing to suggest that there existed a second one at the place of the accident. It was not to be intended that there was one without anything to imply it. Hence, the statement was to be understood as referring to the main or through track. But in case it had actually appeared on the face of the pleading that there was a side track at the point in question it would still have been natural and proper to consider the description as referring to the regular track, and not to one laid and used exclusively for exceptional purposes. In short it was not admissible in view of the language of the declaration to refer the alleged negligence to a place outside of the regular track.

Having ascertained the meaning of the descriptive terms made use of by the plaintiff to specify the circumstances of the wrong complained of, the consequence is clear that the state of facts submitted to the jury was materially variant.

1st. The testimony fixed the theater of the imputed negligence and the place of the injury on an unballasted side track laid in November, 1877, and more than a year subsequent to the construction of the general or ordinary track, and being from 30 to 40 feet distant therefrom.

2d. It identified what the declaration denominates as a hole or rut, as a natural sag or depression twenty or thirty feet wide and running off to a lot and nowise connected with the main track, but touched by this side track which was laid across the "north corner."

3d. The plaintiff's hand was not "crushed off." He swore that his "fingers were all smashed up so they had to be taken off." A surgeon cut off the hand just below the wrist joint.

Had the diversity been confined to the particulars of the wound or to the character of the "hole," it may be that the objection would not be sustained. But when the various elements are taken together and especially when it is considered how rights and duties may turn on whether the alleged conditions and injury are referred to the main track or to this side track, the conclusion is unavoidable. The variance is fatal.

*Second.* The plaintiff makes out his right to sue by tracing his injury to an alleged culpability of the Northwestern and Grand Trunk Railroad Company in not filling the hole in question. The claim is that an absolute duty rested on the company to provide a track for the plaintiff which was reasonably safe, and that in suffering the track to remain at all with the hole in it was tortious negligence. This is not a case where the employer keeps in use certain appliances which he knows or by reasonable diligence might know to be unsafe and yet where the defect is unknown to the workman and is not apparent to ordinary observation, and the principles applicable to such a case are not pertinent. The facts are conclusive here that the defect complained of was not hidden nor obscure but was obvious to ordinary attention. In these cases the master's liability is not that of insurer nor of guarantor. The question is one of reasonable care and diligence. The law never imposes an impracticable rule of duty. It never requires impossibilities but is satisfied with what is fairly reasonable under the particular circumstances.

Now the record contains evidence that several days would have been needed to fix the side track as the plaintiff says it should have been, and there is evidence also that the road came to the Northwestern and Grand Trunk Company from another company. But there is no proof of the time when that change took place, and no evidence that the Northwestern & Grand Trunk Company had held long enough to make the improvement, and no presumption of sufficient time could be allowed in order to convict the company of negligence. There is consequently an utter failure to show that the Northwestern & Grand Trunk Company was guilty of a want of due care. If in fact there was any negligence it must have proceeded, as the case now appears, from a prior holder of the road, and there is nothing in the pleading or elsewhere in the record to make the present defendant or the Northwestern & Grand Trunk Company responsible for such delinquency. A particular explanation of the various points suggested by this head is uncalled for. A brief ref-

erence to one or two considerations is all that has been attempted.

*Third.* It is hardly practicable in cases of this class to lay down in exact terms what shall be the certain measure of damages. Much must be left to the accuracy of judgment and sense of justice of the jury. But care ought to be taken to avoid whatever would be calculated to mislead them, and the judge is under a duty to guard himself against the laying down of undue restrictions on the range of their proper discretion, and against the suggestion of elements of damage which are not just and practicable. In the respect last mentioned I think the judge went astray in this case. The injury for which damage was sought was not actuated by willfulness or malice, because there was none. There was no basis for allowing what is often called exemplary damage. Assuming that a right of action existed, the recovery could not properly exceed the measure of the strict compensation, and no criteria too shadowy for that could be safely permitted. The jury were told here that if they found for the plaintiff they were at liberty to award him such sum as in the exercise of their sound judgment and discretion they thought would fully compensate him for the injury done to his hand, for his suffering, for the anguish and mortification that he had sustained and would be compelled to endure because of the injury, and for such diminution of his ability to earn a livelihood as he had experienced in consequence of the injury.

The reference to "mortification" past and future was misleading. It suggested to the jury as an undoubted element of damage something in the actual case altogether too speculative and too indefinite. There are many injuries which plainly cause mortification and where it may very well be regarded as a ground of damage. They are usually cases which touch social position or where humiliation is more or less a natural consequence of the injury. But to assume that mortification, and to a degree capable of being some criterion of damage, has followed or will follow such an injury as that done to the plaintiff is going too far. The case

might have been disposed of on the ground of variance and without going beyond it. But it was thought best to allude to some additional considerations. There are still further points of interest, but they will not be noticed.

I think the judgment should be reversed with costs and a new trial granted.

The other Justices concurred.