## HAIGHT v. SEXTON.

### No. 15,843; November 30, 1895.

#### 42 Pac. 637.

**Appeal—Conflicting Evidence.—A Finding by the Trial Court** on evidence in which there is no substantial conflict will not, on appeal, be disturbed.

Trial—Finding on Issue Outside Pleadings.—A reversal of a judgment cannot be had because a finding was made on an issue outside the pleadings, where other findings in the cause are sufficient to support it.

Insolvency.—Where, in an Action by an Assignee in insolvency for possession of property, defendant claims under a bill of sale, a finding that defendant procured it by fraud is proper as a fact bearing on defendant's right to possession, though the issue of fraud is not raised by the pleadings.

APPEAL from Superior Court, City and County of San Francisco; Charles W. Slack, Judge.

Action by Robert Haight, assignee, against David T. Sexton. From a judgment for plaintiff and an order denying a new trial defendant appeals. Affirmed.

Sullivan & Sullivan for appellant; Alex T. Vogelsang and I. I. Brown for respondent.

PER CURIAM.—Action by an assignee in insolvency to recover possession of goods and chattels as the property of the insolvents. It is mainly urged that the findings of the trial court that the insolvents were entitled, at the date of the adjudication of insolvency, to the possession of the property, and that defendant had no right thereto, is not supported by the evidence; but we are constrained to hold against such contention. While the evidence is such as to make the impression upon our minds that the court below might well have found to the contrary, and that such finding would have been clearly sustained by the evidence, there is nevertheless to be found in the record evidence tending to support the view taken by the trial court of a character to raise a substantial conflict upon the point; and under the well-established rule obtaining in such cases we are not at liberty to disturb the findings.

As to the finding that defendant procured the delivery of the bill of sale, under which he claimed to hold the property, to be made to him by fraud and misrepresentation, it may be conceded, as contended by appellant, that it is without any issue in the pleadings, and therefore erroneous. But it is an error which cannot avail appellant, since the other findings in the case fully support the judgment, and the finding objected to becomes immaterial. As we regard it, however, the

finding should be taken more in the nature of a probative fact from which the court deduced the ultimate fact that defendant was not entitled to the possession of the property. In this view it was not improper, there being evidence tending to support it.

We perceive no prejudicial error in the rulings of the court upon the objections made to the introduction of the record in the insolvency proceedings; nor upon the ground as to the authority of the assignee to maintain the action. Independently of the question as to the power of the court to direct the assignment to be made by the clerk nunc pro tunc, we think the authority of the assignee was sufficient to entitle him to maintain an action for the mere possession of the property. The judgment and order are affirmed.