ROBINSON *v.* STIMER.[1]

1. ASSAULT AND BATTERY—CIVIL ACTION—EVIDENCE—ADMISSIBIL-
   ITY.
   In an action for assault and battery it appeared that plaintiff,
   in possession of certain land on a contract of purchase, and
   being unable to pay an installment of the price, assigned his
   rights to one of the defendants, who advanced the necessary
   amount.  Defendants raised a crop of potatoes upon the land,
   which plaintiff, after tendering the amount advanced, at-
   tempted to dig and remove, being resisted by defendants.
   *Held*, that whether the assignment of the land contract was
   absolute, as claimed by defendants, or as security, as claimed
   by plaintiff, was material, and that testimony to show its
   actual character was properly admitted.

2. SAME.
   If the assignment was intended as security merely, it was not
   error to admit testimony tending to prove that the assignee
   was to have, for the use of his money, the use of the land, ex-
   cept certain portions thereof, until the loan matured, as show-
   ing the precise consideration for the assignment.

3. SAME.
   The defendant advancing the money being a minor, and his
   father, another defendant, having done the business for him,
   proof of a tender, in his presence, to his father, of the amount
   advanced, was properly admitted, as bearing upon what the
   parties knew and understood at the time the assault was com-
   mitted.

4. SAME—TRIAL—INSTRUCTIONS—DAMAGES—PUNITIVE DAMAGES.
   An instruction that if the attack was malicious, not suddenly
   provoked by plaintiff, and was wanton, malicious, and wil-
   ful, damages should include compensation for injury to the
   feelings resulting from that kind of attack, is not open to the
   objection that it permits recovery of punitory damages.

5. SAME—EXEMPLARY DAMAGES.
   Where, though the declaration did not allege a wanton assault,
   it did allege an assault and battery made without cause, prov-
   ocation, or excuse, and plaintiff's testimony, if believed,

[1] Rehearing denied November 30, 1908.

made a case of grievous maltreatment of him by defendants, and damages were not allowed by the jury beyond a moderate compensation for the injuries sustained, no reversible error appears from a refusal to charge that exemplary damages were not recoverable, the charge, as given, being unobjectionable. ‐

Error to Jackson; Parkinson, J. Submitted June 15, 1908. (Docket No. 103.) Decided September 15, 1908.

Trespass vi et armis by Ulysses S. Robinson against William Stimer and others. There was judgment for plaintiff, and defendants bring error. Affirmed.

*Dwight D. Root* and *Grove H. Wolcott*, for appellants.

*James J. Noon*, for appellee.

The undisputed facts are that plaintiff was vendee of certain lands, holding an executory contract for the purchase thereof. Unable to make a payment of principal and interest, due in April, 1906, he arranged with defendant William Stimer for the money. The vendor consented to an assignment of the contract, and it was, on April 5, 1906, duly assigned to defendant Roy Stimer, son of William, a minor, who furnished the money. Plaintiff did not live on the land. Defendants William and Roy planted crops on the land, including a crop of potatoes. Plaintiff later on proposed to return to William Stimer the money secured by him in the preceding April. He declined to receive it. On October 7, 1906, which was Sunday, plaintiff, with two others, drove to the land, and began to dig potatoes, and to load them into his wagon, with the design of carrying them away. He testified that he understood that, if he did this, defendant Roy Stimer would be obliged, in order to determine his rights, to bring replevin for the potatoes. He was interrupted in this by Roy, and later by the other defendants. As a result of what occurred, defendant William Stimer was wounded in the face by plaintiff with a fork, plaintiff was struck,

bruised, and had an arm broken, the potatoes were unloaded and left on the field, and this suit for damages was instituted. At the trial two principal issues of fact were made. Plaintiff claimed, and offered testimony to prove, that the assignment of the land contract, though in form an absolute one, was given to secure repayment, in the following October, of the $83 received from Roy through his father, William. Defendants claimed, and testimony was offered to prove, that the assignment was in fact absolute, and that the land was worth no more than the purchase price remaining unpaid at the time the assignment was made. The witnesses are not agreed concerning what was said and done in the potato field, testimony for the plaintiff tending to show that he was defending his person from unprovoked assault and injury, and that for defendants tending to prove that they were engaged in a reasonable effort to secure their property from the possession of a trespasser, who proposed to take it away. This suit was begun in December, 1906, was tried in the following May, and the bill of exceptions was settled February 29, 1908.

OSTRANDER, J. (*after stating the facts*). Whether the assignment of the land contract was absolute or was given as security for a loan was a material fact. Testimony offered to show its actual character was properly admitted, and the question was one for the jury. If intended as security merely, it was not error to admit the testimony which tended to prove that defendant Roy Stimer was to have, for the use of his money, the use of the land, except certain portions thereof, until the loan matured. Assuming there was a loan, it was proper to permit the precise consideration to be proved. Although now in dispute, the mutual agreement and understanding of the parties as to possession of the land, if capable of ascertainment, interpreted the motives and explained the conduct of each of them at the time the assault was committed. The assignment of the conract, if intended as security merely, did not necessarily carry with it the right

of possession. Defendants planted potatoes upon two acres, which plaintiff claimed were reserved, and it was the potatoes growing thereon that plaintiff was digging, and which he proposed to carry away.

Plaintiff's proof of a tender of the money borrowed (before the assault was committed) was of a tender to William Stimer. Over objection, the court admitted it, saying that as a tender it would perhaps amount to nothing, but that, as bearing upon what the parties knew and understood at the time the assault was committed, it was material. According to the testimony for plaintiff, William said, when the tender was made, in the presence of Roy, "I might as well tell you now, Robinson, to get your things out of the house." That Roy, although only 20 years of age, consented to the use by his father of his money, and claims the benefit of the assignment, is not disputed. And failure to pay the mortgage, if the assignment was intended as such, would not necessarily operate as a strict foreclosure. The testimony for defendants is that Roy was consulted about what was proposed to be done, and knew that his father intended, with his consent, to use $83 of his money. The jury were warranted in finding that, if it was in fact a loan of his money, he so understood it, and consented to it. It was proper to admit the testimony tending to prove a tender of the money in the presence of Roy. An infant 19 years of age is not excused his actual trespasses; and, whatever his legal rights may be respecting the land contract and the assignment thereof, this infant and the other defendants, charged in the declaration to be joint tort-feasors, gave notice with their plea that they would give in evidence, in their defense, that plaintiff was, at the time of the alleged assault and battery, a trespasser upon the lands and premises of defendants, and that if any assault and battery was committed, it was while they were defending themselves and their property. We find no merit in the errors assigned upon rulings admitting and rejecting testimony.

Defendants requested the court to instruct the jury that exemplary damages could not be recovered. The ground of this request, as we understand the brief, is that the declaration does not, in terms, allege malicious conduct. *Batterson* v. *Railway Co.*, 49 Mich. 184, is relied upon. The refusal to so charge is assigned as error, and it appears to be contended that the charge given was, in effect, one permitting punitory damages to be recovered. The charge is not open to such an interpretation. The language which was employed by the learned trial judge is:

"But if their attack was malicious, not suddenly provoked by Robinson, and was wanton, malicious, and wilful, damages should include compensation for injury to the feelings resulting from that kind of attack. If you find under the circumstances that he has suffered injury to his feelings, his sense of being outraged—now, I mean on account of malice on their part, not excited or caused by prior unnecessary and unwarranted attack by himself —you should include damages for that by way of compensation, as I have before stated."

The declaration does not allege a wanton assault, but does allege an assault and battery made without cause, provocation, or excuse. It is evident that the principle of the case relied upon has no application here. If plaintiff's testimony was believed, the defendants made the occasion one for grievously maltreating the plaintiff. It does not appear that damages beyond a moderate compensation for the injuries sustained were allowed by the jury.

No reversible error is found, and the judgment is affirmed.

MONTGOMERY, HOOKER, MOORE, and McALVAY, JJ., concurred.