QUAYLE *v.* BILLINGS.

1. TRIAL—SPECIAL QUESTIONS SHOULD BE WITHIN THE ISSUES.
   Special questions to be submitted to the jury under the provisions of 3 Comp. Laws 1915, § 12611, should be within the issues, but it does not follow that because the finding is outside the issue the judgment must be reversed.

2. APPEAL AND ERROR—SUBMISSION OF SPECIAL QUESTION NOT PREJUDICIAL.
   Submission of a special question to the jury under the provisions of 3 Comp. Laws 1915, § 12611, which was not within the issues, was not reversible error, where the special finding was not inconsistent, and the general verdict fully supports the judgment.

3. SAME—NEW TRIAL—MISSTATEMENT BY TRIAL JUDGE NOT GROUND FOR NEW TRIAL WHERE NOT MISLEADING.
   In an action for personal injuries caused by an automobile running into the rear of the taxicab in which plaintiff was a passenger, plaintiff's motion for a new trial, based on a misstatement by the trial judge, in his charge to the jury, as to the place where the accident occurred, was properly denied, where the misstatement was not misleading in any way, and which, if it favored either party, favored plaintiff.

4. SAME—REQUESTS TO CHARGE PROPERLY REFUSED WHERE COVERED IN CHARGE GIVEN.
   Where the essential features of requests to charge were covered in the charge as given, which was fair and comprehensive, there was no error in refusing to give the requested charges.

Error to Marquette; Flannigan (Richard C.) and Bell (Frank A.), JJ. Submitted October 10, 1928. (Docket No. 44, Calendar No. 33,783.) Decided December 4, 1928.

As to necessity of finding in a special verdict upon facts proven but not within issue, see annotation in 24 L. R. A. (N. S.) 39 *et seq.*

Case by Wilfred B. Quayle against William J. Billings for personal injuries. Judgment for defendant. Plaintiff brings error. Affirmed.

*M. J. Kennedy,* for appellant.

*Derham & Derham,* for appellee.

CLARK, J. Plaintiff was a passenger in a taxicab of defendant between Ishpeming and Marquette. The driver observed two cars stopped on the road ahead of him. A large bus was coming from the opposite direction. Approaching the two cars, defendant's driver applied brakes to stop, and either just before coming to a complete stop or just after stopping, a Ford car overtook and struck the rear end of the taxicab and plaintiff suffered an injury. The taxicab was equipped with an automatic stop signal in working order. The negligence averred, in chief, is that defendant's driver stopped the car suddenly on a curved road, without giving any signal of his intention to stop to any person who might be coming from the rear. Defendant had verdict and judgment. Plaintiff brings error.

Briefly stated, the issue between the parties submitted to the jury was whether plaintiff was injured through the negligence of defendant's driver which was the proximate cause of the injury.

The trial judge submitted the following special question (3 Comp. Laws 1915, § 12611) to the jury:

"Was the act of the driver of the Ford car in driving against the rear of the Billings car the sole proximate cause of any injury suffered by the plaintiff?"

With its general verdict for defendant, the jury answered "Yes" to the special question. Plaintiff

contends that the question was not material to the issue, and that submitting it was prejudicial error.

The issue between the parties has been stated. The negligence of the owner or driver of the Ford car, who was not a party, was not an issue, and the finding of the jury as to him is a nullity. Special questions should be within the issues. It is said in Abbott's Civil Jury Trials (4th Ed.), 871:

"There need be no findings in a special verdict upon facts proved, but not within the issues. A special verdict which varies from the issues in a substantial manner, or finds only a part of that which is in issue, is defective, and no valid judgment can be rendered upon it. A finding of fact in a special verdict not within the issues presented by the pleadings cannot form the basis for a conclusion of law; it is a nullity, and cannot affect the rights of either party. And if a special verdict includes matters without the issues, such findings will be disregarded in the determination and rendition of judgment."

And, see, 24 L. R. A. (N. S.) 39, note.

In *Stinnett* v. *City of Sherman* (Tex. Civ. App.), 43 S. W. 847, it was held, quoting syllabus:

"One who was placed in a city prison, and was stabbed by a crazy inmate, brought an action against the chief of police on his official bond. The court submitted the general question, 'Who, if any one, was guilty of negligence?' The jury found that the policeman who had imprisoned the crazy man was guilty of negligence, in not properly searching him. This policeman was not a party to the action, and there was no finding as to the defendant, whose negligence alone was involved. *Held,* that under Rev. St. 1895, arts. 1331, 1333, providing that the findings of a special verdict must be such that nothing remains for the court but to draw from such facts the con-

clusion of law, said finding did not conclude the issues raised by the pleadings.''

It does not follow that because the finding was outside the issue the judgment must be reversed, it appearing that the general verdict fully supports the judgment. *Haight* v. *Sexton* (Cal.), 42 Pac. 637, 24 L. R. A. (N. S.) 40, note. The jury acquitted defendant by its general verdict, as it did inferentially by its special findings. The special finding is not inconsistent. Submitting the question was not reversible error.

Error is assigned on a misstatement of fact by the trial judge, Hon. Richard C. Flannigan. It was thus correctly disposed of by his successor, Hon. Frank A. Bell, in denying a motion for a new trial:

"In the course of the charge the court said: 'It was the duty of the driver of the taxicab on approaching and traversing the curve—and I am now speaking of the curve at the end of the hill—because all the witnesses agree that the accident happened at some point either on this curve or between the curve and the bridge.' As a matter of fact the witnesses did not all agree that the accident happened at either of the points stated. The plaintiff testified that it happened near the top of the hill and near the first curve, which was not the curve referred to by the court. The statement was made in connection with that portion of the charge that referred to the duty of the driver to keep his vehicle under control. It was not misleading in any way because the driver owed a high degree of care to the plaintiff at all times, and if it favored either side, it favored the plaintiff, because the point at which he placed the accident was below the first curve at the top of the hill, where, after rounding the curve, the driver had a short straight stretch of road ahead of him, which would require less vigilance on his part than would

have been required of him while actually rounding the second curve described by the court. It is deemed to be at most a harmless misstatement of a comparatively immaterial fact in the connection in which it was made."

There are numerous assignments and much discussion relative to requests to charge. We find no ground for reversal in this regard, being of the opinion that the essential features of the requests were covered, and that the charge was fair and comprehensive. The assignments fully considered present no reversible error.

Judgment affirmed.

FEAD, C. J., and NORTH, FELLOWS, WIEST, MC-DONALD, POTTER, and SHARPE, JJ., concurred.