HARTLEY v. A. I. RODD LUMBER CO.

1. TRIAL—ORDER OF PROOF—DISCRETION OF COURT.

In action for injuries sustained when plaintiff's car collided with defendant's lumber truck as latter was nearing entrance to place of delivery on its left side of road, where plaintiff's declaration and testimony in chief was to the effect that plaintiff never crossed center line of pavement and ran into defendant's truck as it was attempting to cross to left immediately in front of her car, defendant's theory and testimony was that plaintiff had turned her car sharply to left and drove it nearly head-on into front of truck which was asserted to have been almost entirely on proper side of highway and introduced photographs showing right side of truck intact after the accident, admission of rebuttal testimony to effect that defendant's truck first crossed center line and was returning to its proper side of highway when collision occurred *held*, under the circumstances within sound discretion of trial court.

2. Evidence—Photographs.

Admission of photographs showing defendant's truck to have been undamaged on right side as it would have been had accident occurred in manner first claimed by plaintiff and which also showed left front end of chassis on left front side bent to right and showing headlight of plaintiff's car imprinted in radiator of defendant's truck as stipulated by counsel *held*, proper in action for damages.

3. Trial—Changing Theory of Case on Rebuttal.

Plaintiff who has finished proof and rested case on one theory cannot, under claim of rebuttal, put in a new and different case as a ground of recovery.

4. Pleading—Limit of Recovery—Evidence.

A plaintiff is limited to recovery upon the theory set out in the pleadings and established by the evidence.

5. Negligence—Pleading—Declaration.

Plaintiff in action for negligent injuries must set forth facts showing negligence and manner in which injury occurred and be confined to what is set forth therein.

6. Automobiles—Pleading—Evidence.

Motorist, suing truck owner for injuries sustained in collision on a highway, is bound to set forth in her declaration the material facts relied on as her cause of action and follow up her allegations by evidence proving the same combination of circumstances.

7. Judgment—Pleading.

Judgment deciding matter not embraced within issue as framed is void.

8. Trial—Special Questions of Fact.

Special questions of fact on issues not involved in the case are a nullity.

9. Same—Special Findings—General Verdict.

Anything in special findings so opposed to general conclusions as to show latter could not have been found on the record without contradicting the special findings requires that the general conclusions be disregarded (3 Comp. Laws 1929, § 14290).

10. Same—General Verdict—Inconsistent Special Findings.

A jury's general verdict must yield to inconsistent special findings (3 Comp. Laws 1929, § 14290).

11. SAME—SPECIAL QUESTIONS—ADMITTED FACTS.

It is proper to submit special questions relative to an admitted fact.

12. AUTOMOBILES—JUDGMENT NOTWITHSTANDING VERDICT—EVIDENCE.

Truck owner, defendant in action for injuries sustained when plaintiff's car collided with truck as latter neared entrance to place where load was to be delivered *held*, entitled to judgment notwithstanding verdict for plaintiff where photographs demonstrated her theory was untenable and her testimony as to defendant's negligence and her own freedom from contributory negligence was untrue (3 Comp. Laws 1929, § 14531).

Appeal from Monroe; Golden (Clayton C.), J. Submitted October 7, 1937. (Docket No. 47, Calendar No. 39,488.) Decided December 29, 1937. Rehearing denied February 25, 1938.

Case by Bernice Hartley against A. I. Rodd Lumber Company, a Michigan corporation, for personal injuries received in a motor vehicle collision. Verdict and judgment for plaintiff. Defendant appeals. Reversed and judgment ordered entered for defendant.

*Fraser, Effler, Shumaker & Winn* (*Golden, Nadeau & Fallon,* of counsel), for plaintiff.

*Eugene Rheinfrank, Alexander, McCaslin & Cholette* and *Joseph A. Navarre, Jr.,* for defendant.

POTTER, J. Plaintiff sued defendant to recover damages for personal injuries alleged to have been suffered through defendant's negligence. From verdict and judgment for plaintiff, defendant appeals.

Plaintiff claimed she was driving an automobile in a southerly direction on highway US–23, at about 30 to 35 miles an hour, on her own side of the highway, and that at no time did she cross the center line of the highway or encroach upon the easterly

traffic lane thereof; as she approached Hickory Park, located on the westerly side of highway US–23, she observed a truck coming from the southerly direction belonging to the defendant and being operated by the president of defendant company; there was a driveway leading off the westerly side of the highway into Hickory Park and defendant's driver intended to deliver a load of lumber with which the truck was loaded to the proprietor of the park; when defendant's truck was about 25 feet south of plaintiff's automobile, its driver, without any signal or warning, started to make an intended left turn and, after he had turned into the westerly traffic lane directly into plaintiff's path, he sought to swing his truck to the right in an effort to get back on his own side of the road. Plaintiff testified the truck was crossing directly in front of her at an angle of 45 degrees and with its right side toward her when the two vehicles came into collision; that the point of first contact between her automobile and the truck was when the left front of her car and the right front fender of the truck came together; that defendant was occupying approximately half of the west traffic lane.

Defendant's version of the affair is that as he came to a point opposite Hickory Park he started to make a turn to the left to deliver the load of lumber at the park and saw plaintiff approaching rapidly from the opposite direction; that he stopped his truck on his own side of the road but with the left front wheel a few inches over the center line of the pavement. He testified he was practically stopped, that the truck might have rolled six inches; as he was waiting for plaintiff to pass, she suddenly swung her car sharply to the left and drove it almost head-on into the front of his truck; the points of first and most violent contact were the right front corner of

plaintiff's car and the left front corner of the truck, the truck, however, being driven backward 20 feet, coming to rest facing the north and parallel with the pavement, with its right side just off the east edge of the paved portion of the highway, while plaintiff's car rebounded four or five feet and· came to rest facing east or southeast, with the rear wheels off the west edge of the paved portion of the highway.

The facts contended for by the respective parties are in direct conflict. At the close of all the testimony, defendant tendered special questions and requested the court to instruct the jury to return answers to each. These special questions and the answers thereto were as follows:

"Special question No. 1.

"Did the automobile driven by the plaintiff strike the right side of defendant's truck?

"Answer: No.

"Special question No. 2. ·

"Did the left front headlight and a part of the radiator shell of the automobile driven by·plaintiff make an imprint in the front surface of the radiator core of defendant's truck, as a result of the collision?

"Answer: No.

"Special question No. 3.

"Was the front end of the chassis on the left side of defendant's truck bent toward the right side of said·truck?

"Answer: No.

"Special question No. 4.

"Was the·plaintiff continuing to drive the Chevrolet straight ahead in the west lane of traffic until the instant of collision?

"Answer: Yes."

The theory of plaintiff as shown by the declaration and transcript of the testimony, with one ex-

ception hereinafter mentioned, was planted upon the claim defendant turned unexpectedly into her path and she hit the right front fender of defendant's truck with the left front fender of her automobile. The exception is that defendant introduced some pictures showing the right front portion of the truck was intact after the accident. Plaintiff's counsel, after he had rested his rebuttal, put plaintiff on the stand and asked her if, after Mr. Rodd had turned into her path, she saw him turn his truck to the right in an effort to get back upon the right side of the road. Plaintiff said yes. Defendant objected to this as improper and objectionable rebuttal. The court allowed the testimony. Plaintiff's counsel had laid the foundation therefor by asking Rodd upon cross-examination whether he did not, after swinging over to the lefthand or wrong side of the road, attempt to swing his truck to the right and back on to the right side of the road. The order of proof under the circumstances was in the sound discretion and judgment of the trial court. *Brown* v. *Marshall,* 47 Mich. 576 (41 Am. Rep. 728); *Hoffman* v. *Harrington,* 44 Mich. 183; 10 Encyc. of Evidence (1st Ed.), p. 640; 4 Wigmore on Evidence (2d Ed.), p. 28, § 1877.

The photographs introduced in evidence by defendant showed the right side of defendant's truck was not damaged; the left front end of the chassis on the left front side was bent to the right; the headlight of plaintiff's automobile was imprinted in the radiator of defendant's truck, as stipulated by counsel.

The jury, in answer to the special questions, found controlling facts contrary to the material allegations of plaintiff's declaration, to her testimony on her examination in chief, and contrary to the facts as stipulated by counsel.

Plaintiff calls attention to *Bates* v. *Franson,* 276 Mich. 79, where it is said:

"Unfortunately, physical science does not furnish us with any satisfactory rules by which we may deduce with any certainty from physical facts after the collision just what occurred immediately prior to and during the impact."

In that case, the language used was in relation to skid marks on the surface of the road testified to by one side and controverted by the other.

The photographs involved remain unvarnished testimony of what took place. The reception thereof in evidence was proper. It was only after defendant introduced these photographs that plaintiff's counsel attempted to change the theory upon which he based recovery by placing plaintiff upon the stand, after he had rested the rebuttal testimony, to testify defendant attempted to turn to the right after swinging in front of her. The obvious purpose of this was to put before the jury the possibility of contact between her car and the left front end of defendant's truck, contrary to her original story, but in line with the physical facts as demonstrated by the photographs. Probably this testimony may have been admissible as bearing upon the credibility of defendant. But the rule is that when plaintiffs have finished their proof and rested their case on one theory, they cannot, under claim of rebuttal, put in a new and different case as a ground for recovery. *Carney* v. *Hotchkiss,* 48 Mich. 276. Plaintiff is limited to recovery upon the theory set out in the pleadings and established by the evidence. In negligent injury declarations, the facts showing negligence and the manner in which the injury occurred should be averred in the declaration and plaintiff confined to what is set forth therein. *Marquette, H.*

*& O. R. Co.* v. *Marcott,* 41 Mich. 433. There is in the declaration here no mention of the second theory of plaintiff.

"There is something in a catastrophe of this nature, and especially where the victim is a little child, which at once stirs the heart and inflames the sympathies, and in the tumult of the feelings is very apt to excite a hasty inclination to consider the immediate apparent agency as in some way surely deserving chastisement for the dreadful event, and without any special reference to those considerations which in justice ought to decide the question of culpability." *Marquette, H. & O. R. Co.* v. *Marcott, supra.*

In this case, a young lady was involved. Plaintiff was seriously disfigured. The jury had knowledge an insurance company would probably have to pay the bill, and on the facts the case does not differ from the case of the child involved in *Marquette, H. & O. R. Co.* v. *Marcott, supra.* Plaintiff was bound to set forth in her declaration the material facts relied on as her cause of action and to prove the same by the testimony. The pleadings must frame the issue. A defect in a judgment arising from the fact the matter decided was not embraced within the issue has not, it would seem, received much judicial consideration, and yet, upon general principles, such a defect must void the judgment. *Reynolds* v. *Stockton,* 140 U. S. 254 (11 Sup. Ct. 773).

"It was incumbent on the plaintiff to specify the grievance of which he complained. He was bound to set out the combination of material facts relied on as his cause of action and follow up his allegations by evidence pointing out and proving the same combination of circumstances." *Batterson* v. *Railway Co.,* 49 Mich. 184.

"Where a plaintiff avers a particular state of facts, he is entitled to a verdict only in virtue of

giving evidence tending to prove the state of facts so averred.'' 2 Thompson on Trials (2d Ed.), p. 1509, § 2251 (b).

Special questions are provided for by 3 Comp. Laws 1929, § 14290:

''The special verdict, or finding, shall be filed with the clerk, and entered upon the minutes, and when any special finding of facts shall be inconsistent with a general verdict, the former shall control the latter, and the court give judgment accordingly.''

Special questions of fact on issues not involved in the case are a nullity. *Quayle* v. *Billings,* 244 Mich. 649.

''If there is anything in the special findings which is so opposed to the general conclusions as to show they could not have been found on the record without contradicting the special findings then those conclusions must be disregarded.'' *People, ex rel. Keeler,* v. *Robertson,* 27 Mich. 116.

The statute gives the right to put specific questions to the jury for the very purpose of enabling the court to know whether in finding generally they have properly considered the necessary elements of the finding. The general verdict must yield to the special findings, and not the special findings to the general verdict. *International Wrecking & Transportation Co.* v. *McMorran,* 73 Mich. 467. It was proper to submit special questions relative to a fact which was admitted. *Wayne Probate Judge, ex rel. Lantz,* v. *Abbott,* 50 Mich. 479.

Special question No. 2 was answered by the jury to the effect that the left front headlight of the automobile driven by plaintiff did not make an imprint in the front surface of the radiator core of defendant's truck. This finding was erroneous upon the testimony. It was wrong according to the photo-

graphs. It was contrary to the stipulation of counsel. In answering special question No. 1 in the negative, the jury probably sought to favor plaintiff, but negatived the theory of the accident relied upon by her and adopted the theory of the accident as claimed by defendant. The answers to special questions No. 3 and No. 4 are not important.

Plaintiff alleged in her declaration and testified fully as to her original theory. The photographs introduced in evidence demonstrated her theory was untenable and her testimony untrue. It was then sought by counsel to align her story with that demonstrated by the photographs. The jury, in a desire to give plaintiff the benefit of its assistance, gave her a verdict. It could not have done so if it believed her testimony on the witness stand given in support of the theory set up in her declaration. No amendment of the declaration was made. There is no claim the photographs here involved were not genuine, and no reason for the jury disregarding them. The facts shown by the photographs were testified to by witnesses. There was testimony plaintiff before the accident was pretty and after the accident disfigured. She incurred medical and dental expenses and the testimony indicates she underwent considerable pain and suffering. The solicitude of the jury in attempting to compensate her cannot be at the expense of the defendant unless defendant is legally liable. Defendant made a motion, under 3 Comp. Laws 1929, § 14531, for judgment notwithstanding the verdict. This was denied by the trial court.

Judgment should be reversed, with costs, and the cause remanded for entry of judgment for defendant.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, and CHANDLER, JJ., concurred.