JEAN *v.* HALL.

1. Trial—Answer to Special Question—General Verdict.
   Rule that jury's general verdict for plaintiff must yield to its inconsistent special finding if the general verdict is on some theory other than that advanced by plaintiff does not apply, where there is no conflict between its answer to a special question and a general verdict.

2. Same—Theory of Case—Pleadings—Amendment.
   Statutes and court rules respecting amendments to pleading make it unnecessary for parties to be bound to a theory of a case envisaged by them prior to trial (Court Rule No 25 [1945]).

3. Pleading—Court Rules—Notice of Claim.
   A pleader must give reasonable notice of the claims made, in sufficient detail to avoid misleading of either party or a denial to him of information necessary to a fair preparation and presentation of his case; a plaintiff being required to plead such allegations as will reasonably inform the defendant of the nature of the cause he is called upon to defend (Court Rule No 19, § 1 [1945]).

References for Points in Headnotes
[1] 53 Am Jur, Trial § 1083.
[2] 41 Am Jur, Pleading § 288 *et seq.*
[3] 41 Am Jur, Pleading § 6 *et seq.*
[4] 41 Am Jur, Pleading § 370 *et seq.*

4. AUTOMOBILES—PLEADING—EVIDENCE.

    Proofs adduced in action by passenger of one car against owner
    and driver of other car involved in head-on collision in which
    trial court found both drivers guilty of negligence *held*, not
    to have departed in any prejudicial sense from pleadings,
    despite differences in detail.

Appeal from Bay; Smith (Richard G.), J. Submitted April 11, 1961. (Docket No. 58, Calendar No. 48,693.) Decided September 23, 1961.

Case by Gerald R. Jean against Albert Hall and Ethel June Hall for personal injuries sustained in automobile collision. Judgment for plaintiff. Defendants appeal. Affirmed.

*Bernard S. Frasik*, for plaintiff.

*Heilman & Purcell*, for defendants.

TALBOT SMITH, J. The action before us arises out of an automobile accident. The plaintiff was a guest passenger in a car driven by Lionel Mayville who, in the opinion of the court as trier of the facts, had had too much to drink and was driving at an excessive rate of speed. The defendants were Mr. and Mrs. Albert Hall. The court found that Mrs. Hall, the driver of the other car, failed to make observation of the approach of the car in which plaintiff was riding until it was only 30 or 35 feet from her. As a result of this combination of derelictions, there was a collision, each car being somewhat over the center line and into the lane of the other. The court found negligence in both drivers, but no contributory negligence in the plaintiff, who was awarded damages.

The declaration had set up breach of duty on the part of defendant Mrs. Hall and damages resulting therefrom. It asserted that while Mayville was in

his lawful lane of travel, Mrs. Hall drove her car over the center line and struck the car in which plaintiff was riding. Defendants,, in answer, asserted that, while on their own proper side of the highway, traveling at a reasonable speed, they were struck by the Mayville car. The trial court found, as noted heretofore, that each car was "partially" over the center line.

It is the appellant's principal assertion that we must reverse in this situation because plaintiff has recovered upon a theory not "propounded by him." Reliance is placed upon the recent case, among other cases, of *Hormel Estate* v. *Harris,* 348 Mich 201, involving a general verdict for plaintiff inconsistent with the answer to a special question. In our discussion of this situation we pointed out that if the jury's answer to the special question is inconsistent with and rejects plaintiff's theory, then a general verdict for plaintiff must yield to the inconsistent special finding,[1] since the jury may not return a verdict for plaintiff on some theory other than that advanced by plaintiff. This holding, however, does not control the case before us. Here we have no conflict between a special question and a general verdict.

We are not called upon to determine, in this case, the status today, under liberal statutes and court rules, of the "theory of the pleadings" doctrine. Obviously, any doctrine that the parties, despite whatever the proofs may disclose, are irrevocably bound to a theory envisaged by them prior to trial, is fundamentally at war with the liberal interpretation of statutes and court rules respecting amendments to which we are committed.[2]

[1] See, also, CL 1948, § 618.39 (Stat Ann § 27.1019) ; *Hartley* v. *A. I. Rodd Lumber Co.,* 282 Mich 652, and cases therein cited.

[2] See, generally, Court Rule No 25 (1945), and discussion thereunder in Honigman's Michigan Court Rules Annotated, pp 242, 243.

We do not, however, reach this question. Although the trial court, in his opinion, noted that the details of the collision as developed in the proofs were somewhat at variance with those set up in the pleadings, nevertheless, he continued, "defense counsel was not misled in any way by plaintiff's counsel nor plaintiff's theory of the case." The pleader, as we noted in *Baker* v. *Gushwa,* 354 Mich 241, cannot know in advance exactly what the proofs will establish. If he could, there would often be no suit. What is required of pleadings in modern times is no more than reasonable notice of the claims made, in sufficient detail only that there be no misleading of either party nor a denial to him of information necessary to a fair preparation and presentation of his case. The pleader, in other words, need only apprise "plainly the opposite party of the cause of action and the claim of plaintiff."[3] Our court rules put it succinctly in stating that the burden upon the plaintiff is merely to plead such allegations "as will reasonably inform the defendant of the nature of the cause he is called upon to defend."[4] As we put it, in more detail in a recent case,[5] quoting with approval from 19 MLP, Pleading, § 8, p 12:

"In connection with declarations, as with other pleadings, there has been increasing liberality in upholding the pleading without regard to technical restrictions as to form. The principal requirements of a declaration are that it state a cause of action and that the facts be alleged with sufficient particularity to reasonably inform the defendant of the nature of the cause of action. Accordingly, our Supreme Court has said that the purpose of a declaration is to advise the defendant as to the nature of the plaintiff's claim, and that the chief

---

[3] *Michigan Aero Club* v. *Shelley,* 283 Mich 401, 408 (1938 US Av 134, 1 CCH Av 750).
[4] Court Rule No 19, § 1 (1945).
[5] *Lahar* v. *Barnes,* 353 Mich 408, 413.

object of a declaration is to plainly apprise the opposite party of the cause of action and the claim of the plaintiff."

In short, the pleader today is to have some elbow room. He is no longer confined to the straight-jacket of the ancient writ. Pleading is not an end in itself. To the degree that it is so regarded we "make adjective law an agency for defeating or delaying substantive law and justice instead of one for enforcing and speeding them."[6]

The proofs before us did not depart in any prejudicial sense from the causes of action and defenses thereto set up in the pleadings despite differences in detail. There was no error.

Affirmed. Costs to appellees.

DETHMERS, C. J., and CARR, KELLY, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.

---

[6] Pound, Mechanical Jurisprudence (1908), 8 Colum L Rev 605, 617.