Jasen, J.
Following a jury trial in Nassau County Court, the defendant Thomas Brynes was convicted of rape, sodomy and incest. His conviction was unanimously affirmed by the Appellate Division and. leave to appeal was granted by a Judge of this court.
At the trial, the complainant, defendant’s daughter, then 11 years of age, testified that on two occasions, in November, 1970 and March, 1971, she and her father went to the home of one Gene Abrams, where Abrams photographed them in the nude engaging in various sexual acts. A series of photographs, produced from negatives seized at the Abrams home pursuant to a warrant and admitted into evidence over defendant’s objection, variously depicted an adult male and a young female engaged in acts of intercourse and sodomy. There was unimpeached testimony by a photographic expert that neither the negatives nor the positive prints produced therefrom had been altered or “ doctored ” in any manner. Defense counsel also stipulated that the photographic prints accurately depicted the images on the negatives. The complainant identified herself and her father in 10 of the photographs. She further testified that the photographs fairly represented what occurred at the Abrams’ home on these occasions, although she could not recall on which occasion, November, 1970 or March, 1971, each of the depicted acts occurred.
Marie Byrnes, complainant’s mother and wife of the défendant, testified that the individuals portrayed in six of the photographs were her daughter and her husband. In seven other photographs, she identified either her husband or her daughter. In several of the photographs in which she identified only her daughter, she testified that the male, whose facial features were not visible, wore a sleeveless knit shirt of the type in evidence and which she recognized as belonging to her husband.
. It is urged that the objective evidence — the photographs — authenticated in part by the complainant, are insufficient corroboration in law for her testimony as to the occurrence of the acts of rape, sodomy and incest.
Section 130.15 of the Penal Law (L. 1965, ch. 1030), then in effect, provided: “ A person shall not be. convicted of any offense defined in this article, or of an attempt to commit the same, solely on the uncorroborated testimony of the alleged *347 victim. TMs section shall not apply to the offense of sexual abuse in the third degree.” Rape in the first degree. (§ 130.35) and sodomy in the first , degree (§ 130.50) both are offenses definéd in article 130 and subject to the corroboration requirement.
Similarly, section 255.30 imposes a requirement of corroboration for conviction of incest: “ A person shall not be convicted of adultery or incest or of an attempt to commit either such crime upon the uncorroborated testimony of the other party to the adulterous or incestuous act or attempted act.” In a long, line of cases, this court has held that the corroboration requirement extends to every material fact of the offense, including the identity of the defendant as the perpetrator. (E.g., People v. Linzy, 31 N Y 2d 99; People v. Masse, 5 N Y 2d 217; People v. Anthony, 293 N. Y. 649; People v. Downs, 236 N. Y. 306; People v. Page, 162 N. Y. 272; People v. Terwilliger, 74 Hun 310, affd. 142 N. Y. 629; People v. Plath, 100. N. Y. 590; see, also, People v. Radunovic, 21 N Y 2d 186; People v. English, 16 N Y 2d 719; People v. Colon, 16 N Y 2d 988.)
Preliminarily, it should be observed that the photographs were sufficiently authenticated and were properly admitted into evidence. The complainant, a competent witness possessing, knowledge of the matter, identified the subjects and verified that the photographs accurately represented the subject matter depicted. Rarely is it required that the identity arid accuracy of a photograph be proved by the photographer. (Stiasny v. Metropolitan St. Ry. Co., 58 App. Div. 172, affd. 172 N. Y. 656; McCormick, Evidence [2d ed.], § 214; Ann., Photographs — Authentication, 9 ALR 2d 899, 910-915; 21 N. Y. Jur., Evidence, § 365.) Rather, since the ultimate object of the authentication requirement is to insure the accuracy of the photograph sought to be admitted into evidence, any person having the requisite knowledge of the facts may verify. (Alberti v. New York, Lake Erie & Western R. R. Co., 118 N. Y. 77; Fisch, New York Evidence, § 142, p. 76; Ann., Photographs — Authentication, 9 ALR 2d 899, 912-913; 21 N. Y. Jur., Evidence, § 365.)
It is yet another question, however, whether corroborative evidence, the foundation for which was supplied in, part, at least, by the complainant, is sufficient in law to sustain the ¡conviction. Were the authenticating proof supplied solely by the *348 complainant, the answer would have to be no. To hold otherwise would impermissibly allow the complainant to corroborate her own testimony (see People v. Linzy, 31 N Y 2d 99, 101, supra; Peery v. State, 163 Neb. 628; Ann., Rape — Corroboration of Prosecutrix, 60 A. L. R. 1124, 1151-1152) and, so to speak, the prosecution to lift itself up by its own bootstraps. (Cf. People v. Bowley, 59 Cal. 2d 855.)
It is clear, however, that these photographs were not admitted into evidence solely upon the complainant’s foundation testimony. There was testimony that the negatives .from which the . positive prints were made had been seized at the Abrams’ home. There was unimpeaehed testimony by a photographic expert that the negatives had not been altered in any manner and that the prints produced therefrom were accurate reproductions. And, finally, Marie Byrnes identified the subjects as her daughter, the complainant, and her husband, the defendant. Entirely lacking is any evidence or suggestion that the photographs do not depict what they purport to show. We conclude, therefore, that the source of the authentication was sufficiently independent of the complainant’s testimony and that the corroborative Value of the photographs was properly submitted to the jury (Cf. People v. Bowley, 59 Cal. 2d 855, supra; People v. Samuels, 250 Cal. App. 2d 501; People v. Doggett, 83 Cal. App. 2d 405; cf., also, People v. Mehaffey, 32 Cal. 2d 535, cert. den. 335 U.S. 900; People v. Mitman, 122 Cal. App. 2d, 490, 495, cert. den., 347 U. S. 991; People v. Batsford, 91 Cal. App. 2d 607.)
We would only add that, although the People did not proceed on this theory, no reason is discerned why, in a proper case, a photograph, may not constitute independent probative evidence of what it shows. (See People v. Perez, 300 N. Y. 208, 216-217, cert. den. 338 U. S. 952 [photograph of accused taken by newspaper- photographer" immediately after he confessed held to be evidence, which, by itself, might have persuaded the’ jury that claimed assault and abuse were without substance] ; People v. Webster, 139 N. Y. 73, 83 [photograph admitted to show physique of deceased, where defendant pleaded self-defense]; Maresca v. Lake Motors, 32 A D 2d 533, 534, affd. 25 N Y 2d 716; People v. Hausen, 20 Misc 2d 113, 114; see, also, People v. Bowley, 59 Cal. 2d 855, supra; .People v. Samuels, 250 Cal. App. 2d 501, supra; People v. Doggett, 83 Cal. App. 2d 405, *349 supra; People v. Mitman, 122 Cal. App. 2d 490, supra; People v. Withers, 347 S. W. 2d 146, 149 [Mo.] ; Gardner, The Camera Goes to Court, 24 North Carolina L. Rev. 233.) Authentication will always be required. But where no witnesses are available who have viewed the subject matter portrayed, valid alternative grounds may exist for authenticating the photograph and admitting it into evidence, such as testimony, especially that by an expert, tending to establish that the photograph truly and accurately represents what was before the camera. (See People v. Doggett, supra; People v. Samuels, supra; see, also, People v. Bowley, supra; McCormick, Evidence [2d ed.], § 214.) In the case before us, a fair conclusion is that the foundation testimony, even excluding that of the complainant, sufficiently authenticated the photographs by showing that they accurately depict what they purport to show, and that in themselves, the photographs were probative evidence of the crimes charged.
The Trial Judge excluded the defendant from the courtroom during the testimony of the complaining witness because of what he characterized as deliberate disruptive behavior by the defendant calculated to intimidate the witness. The defendant contends that the exclusion was an accommodation to the witness and an impermissible punishment for his prior disruptive behavior, all in violation of his right to confront the witnesses against him.
While the right of an accused to be present at every stage of a trial is guaranteed by Constitution (U. S. Const., 6th, 14th, Amdts.; see Illinois v. Allen, 397 U. S. 337, 338) and statute (CPL 260.20), the right may be lost where the defendant engages in misconduct so disruptive that the trial cannot properly proceed with him in the courtroom. (Illinois v. Allen, supra, p. 343; CPL 260.20; see, also, Snyder v. Massachusetts, 291 U. S. 97, 106.)
On the record before us, we find that the Trial Judge acted well within his discretion in excluding the defendant from the courtroom during the testimony of the complaining witness. Four outbursts punctuated by profane and abusive language preceded defendant’s removal. Each related in some way to the prospect of the complainant testifying in court. On one of these occasions, it was necessary for the defendant to be restrained by Sheriff’s Deputies. The court was careful to *350 admonish the defendant that further outbursts would be cause for removal. At one point the defendant promised that he would comport himself properly, only again to become disruptive. The last of the four outbursts occurred when the complainant was called as a witness. As she entered the courtroom and took her seat, the defendant ‘ ‘ leaped on the counsel table and lunged in the direction of the witness chair in an assaultive manner.” He was again restrained by Sheriff’s Deputies and this time was shackled. The witness was excused, as was the jury. The court again admonished the defendant, who said in substance that he did not intend to listen. The trial was then recessed for the day. The following day, when trial resumed, the court announced its decision to exclude the defendant during the complainant’s testimony. Careful provision was made to insure communication between the defendant and his attorney during this period. Under these circumstances, we conclude that the defendant lost his right to be present throughout his trial.
Preceding the complainant’s appearance as a sworn witness, the court conducted a hearing to determine whether she was eligible to testify under oath. The examination of the prospective witness was conducted by the court, but in the presence of the District Attorney and defense counsel.
It is now contended that the defendant was denied his Sixth and Fourteenth Amendment right of confrontation by not being allowed to cross-examine the complaining witness as to her capacity to understand the nature of an oath.
As previously noted, the complainant was 11 years of age when summoned to testify at the trial. GPL 60.20 (subd. 2) provides: “ 2. Every witness more than twelve years old may testify only under oath. A child less than twelve years old may not testify under oath unless the court is satisfied that he understands the nature of an oath. If the court is not so satisfied, such child may nevertheless be permitted to give unsworn evidence if the court is satisfied that he possesses sufficient intelligence and capacity to justify the reception thereof.”
It is the rule in this State that where a witness’ mental capacity to testify is at issue, it is for the court, in the exercise of its discretion, to make that determination. (People v. Rensing, 14 N Y 2d 210, 213; People v. Washor, 196 N. Y. 104, 109- *351 110.) And it is accepted practice here and elsewhere for the court to examine the prospective witness without the intervention of counsel. (Jackson v. Beto, 388 F. 2d 409, 411, n. 5 and cases cited therein.) "While there is nothing to preclude the court from permitting defense counsel to participate in the examination of the prospective witness by submitting questions or, for that matter, by cross-examining, conduct of the voir dire by counsel for defendant is not a matter of constitutional right. (Jackson v. Beto, supra, p. 411.)
We have considered defendant’s other points for reversal and have found them to be without merit.
For the reasons stated, the order of the Appellate Division should be affirmed.
Chief Judge Bbeitel and Judges Gabeielli, Jones, Waohtlbr, Babin and- Stevens concur.
Order affirmed.