## 56015. ALLEN v. THE STATE.

DEEN, Presiding Judge.

Willie Joe Allen appeals from his conviction by a jury for burglary and sentence of ten years in a state penitentiary, contending that the trial court erred in denying his motion for a new trial.

On August 19, 1976, Diaz Construction Company's Fulton County office was burglarized. Among the items taken were a quantity of payroll checks, an electric typewriter, two calculators and a circular saw. At approximately 10:30 p.m. on that same date, defendant and another man appeared at a house in DeKalb County

which they knew to be a place where they could sell stolen property. Unknown to defendant, it was part of a fencing operation operated by federal agents and the entire transaction was videotaped. The agents purchased 10 Diaz Construction Co. payroll checks, the typewriter, calculators and circular saw for $120. All the items were later identified as having been stolen from the construction company. Defendant verified that the encounter took place, but denied that he participated in the burglary. He claims that his friend already had the items when they met during the course of the evening and he merely accompanied his friend to the house to help him sell the goods, although he admitted that he thought they were probably stolen.

1. Defendant asserts the general grounds and alleges that there was insufficient evidence to support his conviction. To convict a defendant of burglary based upon recent possession of stolen goods, it must be shown that the goods were stolen and there must be an unsatisfactory explanation of that possession. *Chubbs v. State,* 204 Ga. 762 (51 SE2d 851) (1949); *Selph v. State,* 142 Ga. App. 26 (234 SE2d 831) (1977). In the present case, defendant claims that he was only trying to help a friend, although he admits that when it was suggested that they get the circular saw from the trunk of the car so they could sell it also, he handed the car keys over to his friend. He claims, however, that he drove the car only after his friend picked him up enroute to the house. "It was within the jury's province to believe that appellant's explanation of his possession advanced at trial was not a reasonable or satisfactory one. See *Peacock v. State,* 131 Ga. App. 651 (206 SE2d 582)." *Evans v. State,* 138 Ga. App. 460 (1) (226 SE2d 303) (1976); *Rutledge v. State,* 142 Ga. App. 339, 400 (236 SE2d 143) (1977). The jury also viewed the videotape of the transaction. We find this enumeration without merit.

2. Defendant claims that the trial court erred in allowing the jury to see and hear the videotape as it was unclear and garbled. After seeing and viewing the videotape, the trial court agreed that it was unclear, but allowed it to be admitted into evidence. If the admissibility of evidence is doubtful, it should be

admitted and its weight left to the determination of the jury. *Green v. State,* 112 Ga. App. 329 (145 SE2d 80) (1965). The original videotape identified as state's Exhibit 1 was not shown to the jury; instead a reproduction identified as state's Exhibit 2 was shown. Defendant complains that the tape shown to the jury was not the original tape of the transaction and that there was a failure to show a proper chain of possession of the original tape. In *Solomon, Inc. v. Edgar,* 92 Ga. App. 207 (88 SE2d 167) (1955), the seven elements that must be established as a foundation for tape recordings were set forth: (1) It must be shown that the mechanical transcription device was capable of taking the testimony. (2) It must be shown that the operator of the device was competent to operate it. (3) The authenticity and correctness of the recording must be established. (4) It must be shown that changes, additions, or deletions have not been made. (5) The manner of preservation of the record must be shown. (6) Speakers must be identified. (7) It must be shown that the testimony elicited was freely and voluntarily made, without any kind of duress. We believe that these rules apply equally well to videotape recordings.

In the present case, a proper foundation was laid by the testimony of Agent Cooper, Officer Dix and the assistant district attorney. Dix testified that he made the recording on a hidden videotape machine, that he had received training in the making of such tapes, and that the equipment was in proper working order. He testified that he had viewed the copy of the tape which was going to be shown to the jury on the morning of the trial and that it completely and accurately duplicated the original tape which he viewed shortly after it was made. All the parties on the tape were identified by Agent Cooper. Cooper and Dix also testified as to the custody of the tape from the time it was made until it was transferred to an evidence locker in a vault in Decatur. Mr. Speed, the assistant district attorney, testified that in January of 1977, he obtained the tape from the agent in charge of the evidence locker in Decatur and that it has been in his personal custody since that time. He also testified that he has viewed both tapes and that tape 2 is an exact reproduction

of state's Exhibit 1. We find no merit in this enumeration.

3. Defendant claims that the trial court erred in allowing the jury to view the videotape for a second time after they retired. The videotape did not go into the jury room for use by the jury during their deliberations, but after the jury requested to see it again, it was shown in open court. Defendant argues that under *Shedden v. Stiles,* 121 Ga. 637 (49 SE 719) (1904), it is error to permit answers to interrogatories which have been introduced in evidence to be delivered to the jury after it has retired and therefore it was error to permit the jury to see the videotape again because the videotape would impress upon the minds of the jury that the videotape was more important evidence than the oral testimony for defendant's side. The state argues that this situation is analogous to the jury asking to have certain portions of the testimony read by the court reporter or to have a tape of testimony replayed after the jury has begun its deliberations. *Person v. State,* 235 Ga. 814 (221 SE2d 587) (1975); *Johns v. State,* 239 Ga. 681 (238 SE2d 372) (1977). We find no unfair advantage to be obtained when the jury views the videotape for a second time under the controlled conditions of open court. It does not present the same harmful situation as permitting certain documents to go out with the jury during their deliberations. We see no error.

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED JUNE 6, 1978 — DECIDED JULY 3, 1978 — REHEARING DENIED JULY 25, 1978 —

*Phillip Slotin,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Donald J. Stein, Wallace Speed, Assistant District Attorneys,* for appellee.