187 N.J. Super. 506 (1983)
455 A.2d 531
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
LEROY BUNTING, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted December 7, 1982.
Decided January 10, 1983.
*507 Before Judges MATTHEWS and FRANCIS.
Joseph H. Rodriguez, Public Defender of New Jersey, attorney for appellant (Larry Bruce Goodman, designated counsel, on the brief).
Irwin I. Kimmelman, Attorney General of New Jersey, attorney for respondent (Catherine A. Foddai, Deputy Attorney General, of counsel and on the brief).
PER CURIAM.
Tried to a jury, defendant Leroy Bunting was found guilty of robbery (N.J.S.A. 2C:15-1); possession of a prohibited weapon (N.J.S.A. 2C:39-3(b)), two counts, and possession of a weapon for an unlawful purpose (N.J.S.A. 2C:39-4(a)). On the convictions defendant was sentenced to an aggregate term of 19 years on counts one, two and four. A minimum parole time of 7 1/2 years was also imposed. In addition, defendant was ordered to pay a penalty of $75 to the Violent Crimes Compensation Board.
On this appeal defendant's contentions, as set forth in the brief submitted on his behalf, are as follows:
POINT I THE TRIAL COURT ERRED IN ADMITTING FILMS INTO EVIDENCE WITHOUT PROPER FOUNDATION.
POINT II THE SENTENCE OF THE COURT WAS MANIFESTLY EXCESSIVE AND UNDULY PUNITIVE.
*508 Defendant first challenges the admission into evidence of a film. The film was a type of surveillance used by banks and some late night retail stores, which is activated in an unobtrusive manner by the store clerk during an occurrence such as a robbery. In this particular case defendant, as a participant in an armed robbery of a retail store, was photographed during the commission of the offense by the activation of a camera located above the cash register. The camera was activated by the store clerk when he moved a money clip located within the register. Defendant, citing Balian v. General Motors, 121 N.J. Super. 118 (App.Div. 1972), certif. den. 62 N.J. 195 (1973), claims that proper authentication of the film was lacking. In Balian this court held that proper authentication generally includes:
(1) evidence as to the circumstances surrounding the taking of the film; (2) the manner and circumstances surrounding the development of the film; (3) evidence in regard to the projection of the film; and (4) testimony by a person present at the time the motion pictures were taken that the pictures accurately depict the events as he saw them when they occurred. [at 125]
Balian was a civil action in which the party offering the film was attempting to implement the testimony of an expert witness by filming an experiment for the purpose of submission of the film to the jury. Where a film is used in conjunction with an expert's testimony, the court held that testimony was required by a person present at the time the motion pictures were taken, that the picture accurately depicted the events as the witness saw them when they occurred. That holding was appropriate by reason of the nature of the litigation in which the ruling took place. The film concerned expert testimony and purported to depict an experiment. The present matter is a criminal case in which the film is offered as independent evidence depicting the circumstances of the robbery and the identity of defendant in the store on that occasion. It is not being offered to illustrate the testimony of an expert witness as in Balian. We find that case to be inapposite.
The question of admissibility of films in a criminal action has never been established in this State. The general rule in other jurisdictions is that films are ordinarily admissible in *509 criminal trials. See, e.g., State v. Jackson, 259 N.W.2d 796, 800 (Iowa Sup.Ct. 1977); State v. Finley, 173 Mont. 162, 167, 566 P.2d 1119, 1122 (Sup.Ct. 1977); Cotlar v. State, 558 S.W.2d 16, 18 (Tex.Cr.App. 1977); State v. Hudson, 521 S.W.2d 43, 47 (Mo. Ct. App. 1975); Smith v. State, 539 P.2d 1380, 1383 (Okl.Cr.App. 1975); State v. Mattox, 12 Wash. App. 907, 909, 532 P.2d 1194, 1196 (Ct.App. 1975). No reason has been advanced to prohibit their admissibility in this State and we see no reason to do so. The authentication of a film which purports to portray an actual criminal event taking place would not require the same type of authentication as in Balian. In a Maine case, State v. Young, 303 A.2d 113 (Me.Sup.Ct. 1973), the court held that film evidence which is introduced as independent evidence of the crime, should be admitted without corroborative testimony by an eyewitness if the film is otherwise authenticated. Id. at 116. Here the film was introduced as independent probative evidence and no corroboration by witnesses Wyatt and Brownfiled, the clerks, was required. In Young the Maine court adverted to the credible testimony in the case which supplied the necessary authentication there:
In the instant case, the State introduced the testimony of the bank manager as to the installation and field of view of the camera; the testimony of an employee of the surveillance company which installed the camera as to the method of triggering the operation of the camera, and of the periodic testing of the camera; testimony of the person who removed the exposed film; testimony of the person who developed the film; testimony of each of the law enforcement officers who had custody of the film from the time it was taken from the camera until the time of trial; and testimony of the bank teller as to the activation of the camera during the robbery. [at 116]
Here, the facts supporting the trial court's admission of the film absent eyewitness corroboration are very similar to those approved by the Young court. Specifically, the State introduced Wyatt's testimony regarding the installation and view of the camera; the testimony of Mr. Restaino, the loss/security representative for Quick Check, as to the camera's operation and his own "periodic testing" of the camera, as well as his removal of the film; the testimony of Officer Ferrante as to the film's chain of custody subsequent to the robbery, to which *510 defendant stipulated and finally, Wyatt's testimony regarding activation of the camera by removing the clip during the robbery.
There is little likelihood that the film was other than that exposed on the night in question or that it is otherwise an inaccurate representation of the events it purported to show. It was properly admitted as independent evidence.
We have reviewed the circumstances of the present convictions as well as defendant's substantial prior criminal record. We see no reason to disturb the sentence. See State v. Whitaker, 79 N.J. 503, 516 (1979); State v. Spinks, 66 N.J. 568, 573 (1975).
Affirmed.