### 76499. BEDLEY v. THE STATE.
(374 SE2d 841)

BENHAM, Judge.

This appeal is from a denial of new trial on a simple battery conviction.

1. Appellant contends the evidence is insufficient to support a conviction for simple battery. OCGA § 16-5-23 (a) defines simple battery as follows: "A person commits the offense of simple battery when he either: (1) Intentionally makes physical contact of an insulting or provoking nature with the person of another; or (2) Intentionally causes physical harm to another."

The jury was authorized to find that Phillip Scott Bedley, a Clayton County deputy sheriff, was on duty at the Clayton County Jail on September 21, 1986, when Edward Lance Cooper, who was under arrest for an offense involving another off-duty deputy sheriff, was booked into the jail. Cooper testified that Bedley slapped him twice without provocation, and the two deputies who had arrested Cooper testified that they saw Bedley strike Cooper without provocation. A videotape recording of Cooper's booking, played for the jury, showed appellant striking Cooper. Although Bedley contends that any striking of the victim was justified in part by the victim's use of opprobrious and abusive language and that the victim constituted a security threat, the jury was authorized to find that no security threat existed and that Bedley struck Cooper without justification. Viewing the evidence in a light most favorable to the verdict, the evidence authorized a rational trier of fact to find appellant guilty beyond a reasonable doubt of simple battery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Jackson v. State*, 182 Ga. App. 826 (357

SE2d 143) (1987).

2. Appellant contends the trial court erred in not excluding from evidence a manual known as *Standard Operating Procedures*. This manual is a three-page document which outlines department policies and procedures as to the use of force by a Clayton County law enforcement officer. Where evidence tends to prove or disprove a material issue of fact, it is relevant and therefore admissible at trial. *Harris v. State*, 142 Ga. App. 37 (7) (234 SE2d 798) (1977). Matters of relevancy are addressed to the sound discretion of the trial judge, and in the absence of an abuse of discretion, we will not interfere with his decision. *Baker v. State*, 246 Ga. 317 (271 SE2d 360) (1980). Since defendant's defense was that his use of force was justified, and the manual directly related to the defense of justification, it was therefore admissible.

3. In his last enumeration of error, appellant contends that the video recording of the incident was inadmissible because no proper foundation was laid. There was a video recorder located in the intake room, and it was activated during the time Cooper was being booked into the jail. This recording was admitted into evidence at trial and appellant took exception to its admission. The evidence shows the following with regard to the foundation being laid as to the admissibility of the recording: (1) the VCR was functioning properly; (2) it was being operated by competent personnel; (3) no deletions or alterations of the tape were made; (4) participants were identified; (5) there was a proper chain of custody; (6) the conduct of the parties was voluntary; and (7) the incident was correctly recorded. Therefore, the requirements of *Steve M. Solomon, Jr., Inc. v. Edgar*, 92 Ga. App. 207, 211-212 (88 SE2d 167) (1955), were met, and this enumeration is without merit.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 1, 1988.

*Johnny B. Mostiler*, for appellant.
*Robert E. Keller, District Attorney, Daniel J. Cahill, Jr., Assistant District Attorney*, for appellee.