A94A0326. THE STATE v. BERKY.
(447 SE2d 147)

BLACKBURN, Judge.

Peter Berky, appellee, was charged with driving under the influence, driving with an unlawful alcohol concentration, speeding, and improper lane change. Upon Berky's motion to exclude a videotape purporting to show his commission of the alleged offenses, the trial court dismissed the action. The State was unable to lay the foundation for admission of the videotape as the arresting officer was killed in an unrelated incident after Berky's arrest.

The death of a police officer should not inure to the benefit of a criminal defendant. There is a strong public interest in protecting the citizens of Georgia from drunk drivers and in supporting the prosecution of such. This case presents an opportunity to review the foundation requirements for the admission of videotapes into evidence.

In *Allen v. State*, 146 Ga. App. 815, 817 (247 SE2d 540) (1978), we determined that the foundation requirements for the admission of tape recordings, previously established in *Steve M. Solomon, Jr., Inc. v. Edgar*, 92 Ga. App. 207 (88 SE2d 167) (1955), applied equally well to videotape recordings. The admission of videotapes requires: "(1) It must be shown that the mechanical transcription device was capable

of taking the testimony. (2) It must be shown that the operator of the device was competent to operate it. (3) The authenticity and correctness of the recording must be established. (4) It must be shown that changes, additions, or deletions have not been made. (5) The manner of preservation of the record must be shown. (6) Speakers must be identified. (7) It must be shown that the testimony elicited was freely and voluntarily made, without any kind of duress." *Allen*, supra at 817.

As applied to the facts of the present case, such foundational requirements for the admissibility of a videotape recording are impossible to meet; yet, we can acknowledge that photographic and videotaped evidence can be superior to eyewitness testimony in certain respects. See *Franklin v. State of Ga.*, 69 Ga. 36 (1882). Eyewitness testimony is subject to errors in perception, memory lapse, and a witness' problem of adequately expressing what he observed.

In other jurisdictions, videotapes "can be used in two main ways: to illustrate the testimony of witnesses, or as substantive proof themselves. [Cits.]" *State v. Holderness*, 293 NW2d 226, 234-235 (Iowa 1980). "Photographs can be admitted as real evidence in a proper case. As stated in Wigmore: 'With later advancements in the art of photography, however, and with increasing awareness of the manifold evidentiary uses of the products of the art, it has become clear that an additional theory of admissibility of photographs is entitled to recognition. Thus, even though no human is capable of swearing that he personally perceived what a photograph purports to portray (so that it is not possible to satisfy the requirements of the "pictorial testimony" rationale) there may nevertheless be good warrant for receiving the photograph in evidence. Given an adequate foundation assuring the accuracy of the process producing it, the photograph should then be received as a so-called silent witness or as a witness which "speaks for itself[."]' 3 Wigmore on Evidence, Sec. 790 (Chadbourn rev. 1970)." *Litton v. Commonwealth*, 597 SW2d 616, 619 (Ky. 1980).

Under the silent witness theory, a videotape constitutes independent probative evidence of what it shows. *People v. Byrnes*, 308 NE2d 435, 437 (N.Y. 1974). This theory has been adopted in many jurisdictions. See *United States v. Stearns*, 550 F2d 1167 (9th Cir. 1977) (allowed contents of photograph itself to authenticate); *United States v. Taylor*, 530 F2d 639 (5th Cir.) cert. denied, 429 U. S. 845 (97 SC 127, 50 LE2d 117) (1976) (bank camera tripped by robbers after everyone present locked into bank vault); *Holderness*, supra, (photograph of defendant holding stolen objects allowed); *Litton*, supra (photographs of defendant in empty pharmacy building taken by an automatic camera); *Byrnes*, supra (photograph of defendant and his 11-year-old daughter engaging in sexual acts); *Ferguson v. Commonwealth*, 187 SE2d 189 (Va.) cert. denied, 409 U. S. 861 (93 SC 150, 34 LE2d 108),

reh'g denied, 409 U. S. 1050 (93 SC 533, 34 LE2d 504) (1972) (admission of Regiscope photograph in forgery case); *State v. Bunting*, 455 A2d 531 (N.J. 1983) (armed robbery photographed by hidden camera); *Fisher v. State*, 643 SW2d 571 (Ark. App. 1982) (videotape of defendant removing groceries from back door of store); *Bergner v. State*, 397 NE2d 1012 (Ind. App. 1979) (photograph of defendant sodomizing his four-year-old daughter); *Sisk v. State*, 204 A2d 684 (Md. 1964) (admission of Regiscope photograph).

In fact, the court in *Fisher*, supra, stated that in adopting the silent witness theory it joined an overwhelming majority of other jurisdictions, citing *United States v. Gordon*, 548 F2d 743 (8th Cir. 1977); *United States v. Gray*, 531 F2d 933 (8th Cir.), cert. denied, 429 U. S. 841 (97 SC 117, 50 LE2d 110) (1976); *Stearns*, supra; *Taylor*, supra; *United States v. Pageau*, 526 FSupp. 1221 (N.D.N.Y. 1981); *Watkins v. Reinhart*, 9 S2d 113 ( Ala. 1942); *State v. Kasold*, 521 P2d 990 (Ariz. 1974); *South Santa Clara Valley Water Conservation Dist. v. Johnson*, 41 Cal. Rptr. 846 (1965); *People v. Bowley*, 382 P2d 591 (Cal. 1963); *People v. Doggett*, 188 P2d 792 (Cal. 1948); *Oja v. State*, 292 S2d 71 (Fla. App. 1974); *Bergner*, supra; *Holderness*, supra; *Cook v. Clark*, 186 NW2d 645 (Iowa 1971); *State v. Thompson*, 117 NW2d 514 (Iowa 1962); *Franzen v. Dimock Gould & Co.*, 101 NW2d 4 (Iowa 1960); *Perry v. Eblen*, 98 NW2d 832 (Iowa 1959); *Foreman v. Heinz*, 347 P2d 451 (Kan. 1959); *Litton*, supra; *State v. Young*, 303 A2d 113 (Me. 1973); *Sisk*, supra; *Hartley v. A. I. Rodd Lumber Co.*, 276 NW 712 (Mich. 1937); *Hancock v. State*, 47 S2d 833 (Miss. 1950); *State v. Withers*, 347 SW2d 146 (Mo. 1961); *Vaca v. State*, 34 NW2d 873 (Neb. 1948); *King v. State*, 187 NW 934 (Neb. 1922); *Byrnes*, supra; *State v. Hunt*, 255 SE2d 182 (N.C. 1979); *Dunford v. State*, 614 P2d 1115 (Okla. App. 1980); *State v. Brown*, 475 P2d 973 (Or. App. 1970); *State v. Goyet*, 132 A2d 623 (Vt. 1957); *Ferguson*, supra; *State v. Dunn*, 246 SE2d 245 (W.Va. 1978); *Fisher*, 643 SW2d at 575.

Authentication of the subject videotape is always required. However, the foundational requirements for the admissibility of videotapes under the silent witness theory would be fundamentally different than the requirements stated in *Allen*, supra. While, the admission of evidence is within the discretion of the trial court, the following three elements must be established: (1) expert testimony establishing that the videotape had not been altered or manipulated; (2) testimony establishing the date and place the videotape was taken; and (3) testimony establishing the identity of the relevant participants depicted. See *Holderness*, supra, and *Bergner*, supra.

The admission of the videotape does not violate the rights provided to the defendant by the Confrontation Clause. "Confrontation in a criminal trial includes the right to ask questions and secure answers from the witness confronted. However, the United States Su-

preme Court has not interpreted 'confrontation' to signify the exclusion of every hearsay exception, and has provided the following method to resolve confrontation challenges based on the admission of hearsay testimony: The Confrontation Clause operates in two separate ways to restrict the range of admissible hearsay. First, in conformance with the Framers' preference for face-to-face accusation, the Sixth Amendment establishes a rule of necessity. In the usual case . . . the prosecution must either produce, or demonstrate the unavailability of, the declarant whose statement it wishes to use against the defendant. The second aspect operates once a witness is shown to be unavailable. Reflecting its underlying purpose to augment accuracy in the factfinding process by ensuring the defendant an effective means to test adverse evidence, the Clause countenances only hearsay marked with such trustworthiness that there is no material departure from the reason of the general rule." (Citations and punctuation omitted.) *Rosser v. State*, 211 Ga. App. 402, 404 (439 SE2d 72) (1993).

The present case involves the prosecution of a DUI after the death of the arresting police officer. Clearly, the unavailability of the authenticating officer was not planned or contrived. Except for the officer's death, this case would have been no different from the numerous other cases this officer prosecuted during his four years on the Gwinnett County DUI Task Force. Further, the trustworthiness of the videotape is established by the foundational requirements set forth under the silent witness theory.

This established theory of admissibility can coexist with existing Georgia law. The foundation required under the silent witness theory is not inconsistent with the foundation required under *Allen*, supra; and differs from the "pictorial testimony theory" of admissibility in the purpose for the admission of the videotape. We join the majority of jurisdictions and adopt the silent witness theory for admission of videotapes. The present case is remanded for the trial court's determination of admissibility of the videotape under the silent witness theory.

*Judgment reversed and remanded with direction. Pope, C. J., Beasley, P. J., Andrews and Smith, JJ., concur. McMurray, P. J., Birdsong, P. J., Johnson, J., and Senior Appellate Judge Harold R. Banke dissent.*

Judge Harold R. Banke, dissenting.

In *Allen v. State*, 146 Ga. App. 815 (247 SE2d 540) (1978), this court established the foundational requirements for admission of videotapes into evidence. As the comprehensive research of the majority indicates, the "silent witness" theory pertaining to pictorial evidence had already been formulated. However, rather than adopting that theory, this court instead determined that the foundation for ad-

mission of videotapes should be the same as that for audiotapes previously established in *Steve M. Solomon, Jr., Inc. v. Edgar*, 92 Ga. App. 207 (88 SE2d 167) (1955).

Since *Allen v. State*, supra, this court has consistently applied those foundational requirements for the admission of videotapes, without ever questioning their viability. See *Givens v. State*, 211 Ga. App. 290 (3) (439 SE2d 22) (1993); *Bedley v. State*, 189 Ga. App. 90 (3) (374 SE2d 841) (1988); *Newberry v. State*, 184 Ga. App. 356 (3) (361 SE2d 499) (1987). The majority now abandons that well-settled rule of evidence, apparently in reaction to the pathetic event of the arresting officer's subsequent death in the line of duty.

The majority asserts that the new foundation is consistent with the current law. However, inasmuch as the videotape in the instant case is inadmissible under the old foundational requirements but may be admitted under the new foundation, I think the majority is mistaken on that point.

I believe that the majority has needlessly changed the foundational requirements for the admission of videotapes. For that reason, I respectfully dissent.

I am authorized to state that Presiding Judge McMurray, Presiding Judge Birdsong and Judge Johnson join in this dissent.

DECIDED JULY 15, 1994 —
RECONSIDERATION DENIED JULY 28, 1994 — ▮▮▮▮▮▮▮▮

*Gerald N. Blaney, Jr., Solicitor, Richard E. Thomas, Assistant Solicitor*, for appellant.
*Russell T. Bryant*, for appellee.