A94A2765. FREEMAN v. THE STATE.

(454 SE2d 196)

McMURRAY, Presiding Judge.

Defendant and two others were charged via indictment with multiple counts of "SALE OF COCAINE" and "SCHOOL DRUGS," i.e., the "[unlawful] sale" of cocaine within 1,000 feet of real property owned by the Board of Education and Orphanage for Bibb County. The evidence adduced at defendant's jury trial, including a videotape of one sale, showed that defendant was one of a group of young men that stood in the street at an intersection near Central High School and sold drugs stored in the woods behind an abandoned house on the corner. Officer Stewart Ellington of the Macon Police Department identified defendant as "Six-pack," whom Officer Ellington approached on February 5, 1993, and "asked him if he was straight. He replied, yes." Officer Ellington explained that, in the patois of the street, this meant that defendant was holding cocaine to sell. Defendant "went across the street to a little wooded area in the back of a vacant house. . . ." "He came back across the street, . . . and he handed me a dime piece of cocaine, and [Officer Ellington] handed [defendant] $10." On February 9, 1993, Officer Ellington returned to the intersection of Duncan Avenue and Napier. Officer Ellington saw defendant and an unknown male walking along the sidewalk and the following transpired: "The [unknown] male approached me and asked me what did I need. I told him a dime. He went back and informed [defendant] what did I need. [Defendant] left the scene at the time, went across the street to a house. It had a real estate sign. . . . And came back within a minute, minute and a half, handed me the dime piece of cocaine. I handed the unknown . . . male a $20 bill and [defendant] handed me a $10 bill back." On February 10, 1993, Officer Ellington returned to this intersection, accompanied by representatives of the television news and print media. At the scene was a group of young men, "anywhere . . . from about five to eight [persons]."

Officer Ellington made a third purchase of crack cocaine, having made contact with one unknown male who "informed another [unknown] male. [This second person] then left that scene and went into a house on the corner. . . . He went into the house for about a minute, minute and a half, he came back out, handed the first [unknown] male . . . the two pieces of crack cocaine. The first [unknown] male . . . came and handed [Officer Ellington] two pieces of crack cocaine. [Officer Ellington] handed him a $20 bill . . . [and] then left the scene." As to defendant's involvement in this sale of February 10, 1993, Officer Ellington affirmed that "[Six-pack was] there when [the officer was] talking to the [unknown] male about buying cocaine[.]" Officer Ellington affirmed that defendant "[left] right then . . ." and came back. Christopher Ballard was summoned as a witness for the State. He identified himself selling drugs in the videotape that is State's Exhibit 5. Under cross-examination, Christopher Ballard testified that he was selling his own drugs and not those of the defendant. He further denied being "part of an organization dedicated to selling dope." When asked on redirect whether these drug sellers "work together to sell each other's drugs, . . . [Christopher Ballard answered:] Not really, . . . [explaining:] We all take turns." Nevertheless, Christopher Ballard affirmed that "[he] and Six-pack help each other [. . . in that Ballard] watched out while he [Six-pack] was out there . . . [and Six-pack would] watch out for [Christopher Ballard]."

The trial court directed verdicts of acquittal as to Count 1 alleging a pattern of criminal activity in violation of the Georgia Racketeer Influenced & Corrupt Organizations Act, and as to Count 10, alleging the use of an underage person in the sale of cocaine. The jury returned guilty verdicts as to six counts: three counts of "SALE OF COCAINE" and three counts of "SCHOOL DRUGS." Defendant's motion for new trial was denied and this appeal followed. *Held*:

1. In his second enumeration, defendant contends the trial court erred in admitting into evidence the videotape of one sale, arguing that this videotape "was improperly authenticated," in that the State failed to meet the foundational requirements established in *Allen v. State*, 146 Ga. App. 815 (247 SE2d 540).

"Under the silent witness theory, a videotape constitutes independent probative evidence of what it shows. *People v. Byrnes*, 308 NE2d 435, 437 (N. Y. 1974)." *State v. Berky*, 214 Ga. App. 174, 175 (447 SE2d 147). "Authentication of the subject videotape is always required. However, the foundational requirements for the admissibility of videotapes under the silent witness theory [do not mandate a showing of each of] the requirements stated in *Allen [v. State*, 146 Ga. App. 815], supra. While, the admission of evidence is within the discretion of the trial court, the following three elements must be established: (1) expert testimony establishing that the videotape had

not been altered or manipulated; (2) testimony establishing the date and place the videotape was taken; and (3) testimony establishing the identity of the relevant participants depicted. [Cits.]" *State v. Berky*, 214 Ga. App. 174, 176, supra. "[W]here a foundation is laid for the admission in evidence of a videotape through the testimony of a witness to the event who confirms that the videotape accurately and reliably represents what the witness sensed at the time in question, it is not necessary to show the proper functioning of the recording device or its operation by competent personnel. [Cits.]" *Harper v. State*, 213 Ga. App. 444, 447 (4) (445 SE2d 303).

In the case sub judice, Perry Smith, "a photographer and editor" with WGXA TV, authenticated this videotape as "the video [he] shot . . ." on February 10, 1993, when Smith accompanied Major Allen and Officer Ellington from the Macon Police Department vice unit. Mr. Smith confirmed that the video had not "been altered or spliced in any way." Chain of custody was established by Officer Mark Cotton of the Macon Police Department, who testified that he "obtained this video from Perry Smith at Channel 24 on February 11, [1993,] and placed it in our city crime lab as evidence." Officer Cotton also identified the events depicted as "the incident on February 10th, 1993, at Duncan Avenue and Napier Avenue[,]" in "Macon, Bibb County, Georgia." Officer Cotton identified "four or five . . ." of the persons there depicted, including defendant. The trial court did not err in admitting this videotape over the objection that an improper or inadequate foundation had been established. *Harper v. State*, 213 Ga. App. 444, 447 (4), 448, supra.

2. In his first enumeration, defendant contends the evidence is insufficient to support his convictions for sale of cocaine and "school drugs" as alleged "under Counts 8 & 9 of the indictment," respectively. He argues the evidence shows only that he was present at the scene and did not participate. Defendant is correct that there is no evidence that he directly participated in the February 10, 1993, hand-to-hand sale of cocaine. However, evidence that he would act as a lookout for Christopher Ballard is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979) to authorize the jury's determination that defendant was guilty, beyond a reasonable doubt, as a party to, participating in, the sale of cocaine alleged in Counts 8 and 9 of the indictment. *Langham v. State*, 196 Ga. App. 71, 72 (2) (395 SE2d 345). See also *Lundy v. State*, 130 Ga. App. 171, 172 (1b) (202 SE2d 536). This enumeration is without merit.

*Judgment affirmed. Pope, P. J., concurs. Smith, J., concurs specially.*

Smith, Judge, concurring specially.

I concur specially in order to clarify two points.

1. I agree that the videotape of one drug sale was properly admitted under *Harper v. State*, 213 Ga. App. 444, 447 (4) (445 SE2d 303) (1994). However, I cannot support the tacit expansion here of the "silent witness" rule established in *State v. Berky*, 214 Ga. App. 174, 175 (447 SE2d 147) (1994). Reading *Berky* in its entirety, it should reasonably be viewed as restricting the "silent witness" rule to cases of necessity, such as the death or unavailability of the authenticating witness required by *Allen v. State*, 146 Ga. App. 815, 817 (2) (247 SE2d 540) (1978). Any expansion of the rule in *Berky* should be both explicit and required by the facts of the case presented.

2. I also concur with respect to the sufficiency of the evidence to support Freeman's conviction. Construing the evidence to support the jury's verdict, there was testimony that Freeman and Ballard customarily acted as lookouts for one another. This testimony, in combination with the video footage of the drug sale showing Freeman's presence, is sufficient to show that Freeman acted as a lookout on the occasion recorded on videotape. The majority also appears to agree with this reasoning, and I write simply to clarify that holding. To a reader not having, as we do, the benefit of the entire record, it might appear that evidence of customary acts on another occasion, without more, was sufficient to support a conviction. Testimony of that kind would have been insufficient without the evidence of Freeman's presence on *this* occasion, as shown on the videotape.

DECIDED FEBRUARY 15, 1995.

*L. Elizabeth Lane,* for appellant.
Frederick J. Freeman, *pro se.*
*Charles H. Weston, District Attorney, Laura D. Hogue, Assistant District Attorney,* for appellee.