A97A1225. WINGFIELD v. THE STATE.
(486 SE2d 676)

MCMURRAY, Presiding Judge.

Following a bench trial, Ernest Wingfield was convicted on two counts of selling cocaine. As a recidivist, he received a life sentence. On appeal, he challenges the sufficiency of the evidence and the court's admission of videotapes showing the cocaine sales. He also contends he did not knowingly and voluntarily waive his right to a jury trial, and he charges his trial attorney with ineffective assistance of counsel. *Held*:

1. In reviewing Wingfield's three enumerations challenging the sufficiency of evidence, we construe the evidence most strongly in favor of the verdict to determine whether a rational trier of fact could have found Wingfield guilty of these offenses beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Jones v. State*, 220 Ga. App. 161 (1), 162 (469 SE2d 300) (1996).

The State's chief witness was an independent undercover agent who worked at the direction of Jeff Youngblood, a Crisp County dep-

uty sheriff. The agent testified that just before 6:00 p.m. on January 17, 1996, he met Wingfield in the parking lot of a nightclub in Crisp County. Wingfield gave him crack cocaine in exchange for $20. Later that evening, the agent again met Wingfield in the same parking lot and purchased from him another $20 piece of crack cocaine. The transaction was secretly captured on videotape, and a Georgia Bureau of Investigation chemist identified the material purchased as cocaine. This testimony, which the trial court sitting as factfinder found credible, is sufficient to support the convictions. See *Jones*, supra at 162; *King v. State*, 214 Ga. App. 406 (3), 407 (447 SE2d 712) (1994).

2. Wingfield claims the trial court erred by admitting the videotape of the cocaine sales. Here, the undercover agent testified that he knew how to operate the recording device; that his review of the videotape showed it had not been altered; and that the videotape fairly and accurately depicted the transactions at issue. Therefore, the trial court did not abuse its discretion by admitting it. *Dunn v. State*, 218 Ga. App. 329, 330 (461 SE2d 294) (1995). Contrary to Wingfield's argument, the foundational requirements stated in *State v. Berky*, 214 Ga. App. 174, 176 (447 SE2d 147) (1994), vacated, 266 Ga. 28 (463 SE2d 891) (1995), are not applicable. Those additional requirements were applied to a situation in which *no witness* was available to testify to the accuracy of the videotape.

3. We find no error in the court's determination that Wingfield knowingly and voluntarily waived his right to a jury trial. Before trial, Wingfield told the court he wished to have a bench trial. The court reminded Wingfield of his absolute right to trial by jury, and Wingfield's trial counsel told the court he had advised his client of his right to jury trial and had discussed with his client the "positive and negative sides of waiving a jury trial." Wingfield told the court that no one had forced him to make the decision.

After the court delivered its verdict, however, Wingfield complained to the court that his attorney had "misled him" into believing he would receive a lighter sentence if he opted for a bench trial. The court appointed Wingfield new counsel. At the hearing on Wingfield's motion for new trial, Wingfield's original attorney denied the allegations and testified he told Wingfield that if he were convicted, he would receive a life sentence.

Although the burden is on the State to prove Wingfield personally, intelligently, and voluntarily waived his right to trial by jury, "the record supports the trial court's finding that [Wingfield] consulted with his attorney and made an intelligent and knowing decision to waive this right." (Citation and punctuation omitted.) *Hansen v. State*, 222 Ga. App. 537, 539 (3) (474 SE2d 735) (1996). See also *Evans v. State*, 216 Ga. App. 21, 24 (3), 25 (453 SE2d 100) (1995).

4. In his final enumeration, Wingfield claims his trial attorney rendered him ineffective assistance by leading him to believe he would receive a lighter sentence if he agreed to a bench trial. As discussed in Division 3, supra, the trial court rejected this factual assertion. As the trial court's finding on this issue was not clearly erroneous, we cannot say the attorney rendered ineffective assistance. See *Taylor v. State*, 266 Ga. 129 (464 SE2d 385) (1995); *Smith v. State*, 207 Ga. App. 290, 291 (2) (428 SE2d 95) (1993).

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MAY 13, 1997.

Before Judge Faircloth.

*David E. Morgan III*, for appellant.

*John C. Pridgen, District Attorney, Patrick J. McDonough, Assistant District Attorney*, for appellee.