## A97A1949. DOUGLAS v. THE STATE.
(491 SE2d 821)

ELDRIDGE, Judge.

Appellant Jose Fernando Douglas appeals his August 29, 1996 conviction for trafficking in cocaine. We affirm.

On March 28, 1995, appellant was riding as a passenger in a vehicle he owned, but which was being driven by co-defendant Fredrick Haygood. The car was stopped for a traffic violation on Interstate 75 in Butts County. Police questioned both men, who gave conflicting stories regarding their activities prior to the arrest. Both appellant and Haygood consented to a search of the vehicle, during which the officers found two plastic bags containing more than 400 grams of cocaine hidden under the right front passenger seat, where appellant was sitting. Upon questioning by police, appellant told the officers that the cocaine was for his personal use.

Appellant and Haygood were charged under OCGA § 16-13-31 (a) (1) (C) for trafficking in cocaine in a quantity in excess of 400 grams and of at least 10 percent purity. Haygood absconded prior to trial, but appellant was tried and convicted of trafficking. He was sentenced to 25 years in prison and fined $1,000,000. His motion for new trial was denied on May 9, 1997, and this appeal followed.

1. Appellant asserts that the trial court erred in granting the State's motion in limine to exclude Haygood's statement to police claiming ownership of the cocaine and exonerating appellant. We disagree. Georgia's courts "have prohibited the admission of hearsay confessions made by co-defendants or co-conspirators, even if exculpatory as to the complaining defendant, if the co-defendant does not

testify at trial and is not available for cross-examination. *Davis* [*v. State*, 255 Ga. 598, 604 (340 SE2d 869) (1986)]; see OCGA § 24-3-52. Exception is made to this rule, however, if the circumstances surrounding the statement provide indicia of reliability and the testimony is critical to the defendant's Sixth Amendment right of confrontation. *Green v. Georgia*, 442 U. S. 95 (99 SC 2150, 60 LE2d 738) (1979); *Chambers v. Mississippi*, 410 U. S. 284 (93 SC 1038, 35 LE2d 297) (1973); compare *Davis* [*v. State*], supra." *King v. State*, 202 Ga. App. 817, 819-820 (415 SE2d 684) (1992); see also *Timberlake v. State*, 246 Ga. 488, 492 (271 SE2d 792) (1980).

In the case sub judice, Haygood gave the statement at issue to police following his arrest for trafficking in cocaine. The statement said that Haygood and appellant went to Miami, Florida, "to pick up some cocaine"; that Haygood "picked up a large quantity of cocaine but my friend Jose Douglas did not know or have any knowledge of a cocaine transaction in Miami"; that, after being stopped, both Haygood and Douglas gave permission to search appellant's vehicle, which Haygood was driving; and that Haygood took "full responsibility" for the cocaine that was seized during the search. However, Haygood disappeared prior to trial and was unavailable for cross-examination on the statement. While appellant asserts that Haygood's statement exhibits strong indicia of reliability, he fails to elaborate, and no such indicia are evident to this Court. Given the circumstances leading to Haygood's unavailability for cross-examination, and the conflicting nature of the statement, we find that the statement lacks sufficient reliability to be admissible. The trial court did not abuse its discretion in granting the State's motion to exclude Haygood's statement.

2. Appellant next asserts that the trial court erred in overruling appellant's motion to exclude his statement pursuant to a *Jackson-Denno*[1] hearing. We note that appellant failed to cite to the record or otherwise argue in support of this enumeration, so this assertion is abandoned. See Court of Appeals Rule 27 (c) (2), (c) (3) (i). Even so, our review of the record indicates that, following appellant's *Miranda*[2] warning, appellant stated that he understood his rights; the arresting officer testified that appellant was coherent and did not appear to be under the influence of drugs or alcohol. Appellant, upon moving to exclude his statements made while in custody, presented the trial court with no evidence of threats or promises made in conjunction with appellant's *Miranda* warning, claiming only that the warning was given "fast" and appellant was "nervous" because he

---

[1] *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).
[2] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

was under arrest. Such complaints lack merit; there was no error.

3. Appellant asserts that a police videotape of appellant's arrest should have been excluded for lack of foundation. However, the State's evidence showed the following: that the video camera system was in good working order on the day of the arrest; no changes or deletions were made to the videotape; all parties were identified; the videotape was marked and there was a proper chain of custody; the conduct of the parties was voluntary; and the videotape accurately recorded the arrest.[3] This evidence is consistent with the requirements enumerated in *Solomon v. Edgar*, 92 Ga. App. 207, 211-212 (88 SE2d 167) (1955) (dictaphone records), and more recently in *Daniels v. State*, 222 Ga. App. 29, 33 (473 SE2d 239) (1996) (videotape). See also *State v. Berky*, 214 Ga. App. 174, 176 (447 SE2d 147) (1994), overruled on other grounds, 266 Ga. 28, 30 (463 SE2d 891) (1995); *Bedley v. State*, 189 Ga. App. 90, 91 (374 SE2d 841) (1988).[4] "It was the duty of the trial court to determine the adequacy of the foundation" of the evidence. *Wigfall v. State*, supra at 586 (2). There was no abuse of discretion in the trial court's finding that the proper foundation had been laid for admission of the videotape into evidence.

4. Appellant asserts that the trial court erred in failing to give several requested jury charges. "It is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in determining whether the charge contained error." (Citations and punctuation omitted.) *Haralson v. State*, 223 Ga. App. 787, 792 (4) (479 SE2d 115) (1996); see also *Jackson v. State*, 267 Ga. 130 (475 SE2d 637) (1996); *Mitchell v. State*, 222 Ga. App. 453 (474 SE2d 306) (1996). Further, "[t]he failure to give requested instructions in the exact language requested, where the charge given substantially covers the same principle, is not grounds for reversal. [Cits.]" (Punctuation omitted.) *Melton v. State*, 222 Ga. App. 555, 558 (3) (474 SE2d 640) (1996). After reviewing the charges given, we find that they adequately cover the applicable principles of law. *Haralson v. State*, supra at 792. Further, appellant's requested charges were incorrect or misleading statements of the law, and Request to Charge No. 8, involving an instruction on possession of cocaine under OCGA § 16-13-30, was not supported by the facts of the case sub judice or the

---

[3] The arresting officer admitted that the date recorded by the video camera system was "off" by one day and one hour, but testified that the system was otherwise in good working order and that the videotape accurately depicted appellant's arrest. Such testimony goes to the weight, not the admissibility, of the videotaped evidence. See *Ledford v. State*, 221 Ga. App. 238, 241 (470 SE2d 796) (1996).

[4] Although there does not appear to be specific evidence in the record that the video system was being operated by "competent personnel," pursuant to *Bedley v. State*, supra at 91, nothing to the contrary has been presented by appellant. See *Wigfall v. State*, 257 Ga. 585, 586 (361 SE2d 376) (1987).

laws of this State. See *Hernandez v. State*, 182 Ga. App. 797, 801 (357 SE2d 131) (1987). There was no error.

5. Appellant's final enumeration asserts that the trial court erred in charging the jury on the law regarding parties to a crime, claiming that appellant's "mere presence" in the car was insufficient to support the charge. We disagree.

The evidence showed that appellant voluntarily accompanied Haygood on the trip to Florida in a vehicle belonging to appellant; that appellant gave police permission to search the vehicle; and, when questioned by police, appellant did not disavow knowledge of the presence of the cocaine, but instead claimed that the cocaine found under the passenger seat was for his personal use. Such evidence rises to the level of aiding and abetting in the commission of the crime and justifies the "party to a crime" jury instruction. See OCGA § 16-2-20.

*Judgment affirmed. Ruffin, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 25, 1997 —
RECONSIDERATION DENIED SEPTEMBER 4, 1997 —

*Joseph L. Smith*, for appellant.
*Tommy K. Floyd, District Attorney, Marie R. Banks, Assistant District Attorney*, for appellee.