A97A1719. STROUD v. THE STATE.
(494 SE2d 315)

JOHNSON, Judge.

A jury found Michael Stroud guilty of burglarizing a self-service laundry and an adjoining tax preparation office. He appeals from the convictions entered on the verdict, claiming the trial court erred by admitting into evidence a surveillance videotape without an adequate foundation. We affirm.

Surveillance video cameras inside the laundry facility were operating on the night of the burglaries. When the owner arrived the following morning, he noticed that the laundry business had been broken into and the change machine damaged. The owner removed the videotape from one of the cameras and gave it to police. The owner of the adjoining business testified that her office had also been burglarized that night. She added that the wall between her office and the laundry facility had been damaged and that the hole in the sheetrock was large enough for a person to pass through. After viewing the videotape, police located Stroud and read him his *Miranda* rights. In a tape-recorded statement, the voluntariness of which is not at issue, Stroud admitted to police that he entered the businesses intending to remove property because he needed money to buy clothing for his children. He added that once he saw the cameras, he knew he had been caught.

Stroud objected to the introduction of the surveillance videotape into evidence, contending that because no one was present at the time the recording was being made, no witness would be able to testify that the videotape accurately depicted the events occurring at the time. See *Wingfield v. State*, 226 Ga. App. 448, 449 (2) (486 SE2d 676) (1997); see generally *Allen v. State*, 146 Ga. App. 815, 817 (2) (247 SE2d 540) (1978). Therefore, he argued, the videotape could be

admitted only under the "silent witness" theory adopted by a majority of this Court in *State v. Berky*, 214 Ga. App. 174 (447 SE2d 147) (1994). *Berky* requires the proponent of the video evidence to: (1) show by expert testimony that the tape had not been altered or manipulated; (2) establish by testimony the date and place the video was taken; and (3) establish by testimony the identity of the participants depicted. After conducting a lengthy hearing, the trial court ruled that the three criteria had been satisfied. On appeal, Stroud argues that the state failed to satisfy the first and third criteria. At trial, however, Stroud expressly waived any argument regarding the third requirement.

The *Berky* decision was vacated by the Supreme Court in *Berky v. State*, 266 Ga. 28 (463 SE2d 891) (1995), two months before the instant case was tried. The Supreme Court vacated this Court's decision based upon its finding that the state was not authorized to bring the appeal in the case and did not reach the silent witness issue. Shortly after our decision in *Berky* was vacated, the legislature enacted OCGA § 24-4-48, which relaxed the requirements for the admission of videotapes into evidence. That statute, however, did not become effective until more than one year after this case was tried.

Even if we assume, as Stroud argues, that the *Berky* criteria apply in this case and further assume that one or more of the requirements were not satisfied, reversal would not be required because the admission of the videotape in this case was harmless.

The testimony shows that Stroud admitted having entered the locked businesses because he needed money. He also admitted that he knew he had been caught when he saw the videocameras. Given this evidence, admission of the videotape was harmless. See *Daniels v. State*, 222 Ga. App. 29, 33 (5) (473 SE2d 239) (1996). Moreover, no objection was made to admission of still photographs generated from the videotape. It appears, therefore, that the videotape was cumulative of other evidence adduced at trial. See generally *Kelly v. State*, 197 Ga. App. 811, 814 (3) (399 SE2d 568) (1990). Interestingly, Stroud concedes in his brief that the image on the videotape is not clear and that it is "next to impossible" to discern whether he is the person shown on the tape. " 'Where no harm is shown, there is no reversible error. (Cits.)' " *Moreland v. State*, 213 Ga. App. 75, 77 (2) (443 SE2d 701) (1994).

*Judgment affirmed. Pope, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED NOVEMBER 25, 1997.

*Lloyd J. Matthews*, for appellant.

*Tommy K. Floyd, District Attorney, Thomas R. McBerry, Assistant District Attorney*, for appellee.