Abbott Bros. II Steak Out, Inc. v Tsoulis (2018 NY Slip Op 04123)





Abbott Bros. II Steak Out, Inc. v Tsoulis


2018 NY Slip Op 04123


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, CURRAN, AND WINSLOW, JJ.


329 CA 17-01645

[*1]ABBOTT BROS. II STEAK OUT, INC., PLAINTIFF-RESPONDENT,
v
ALEXANDROS TSOULIS, DEFENDANT-APPELLANT. 






HALL AND KARZ, CANANDAIGUA (PETER ROLPH OF COUNSEL), FOR DEFENDANT-APPELLANT. 
PETRALIA WEBB & O'CONNELL, P.C., ROCHESTER (ARNOLD R. PETRALIA OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Ontario County (Frederick G. Reed, A.J.), entered December 2, 2016. The order granted plaintiff leave to reargue, and upon reargument, granted that part of the motion of plaintiff for summary judgment with respect to liability. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying those parts of the motion with respect to the first through sixth causes of action, and with respect to the seventh cause of action except insofar as it is based upon defendant's removal of a steam boiler furnace, a hot water heater, a walk-in cooler, a two-sink stainless steel unit, a single door freezer, a small refrigerator, an under work line, a two-sliding door refrigerator, three fryer units, one broiler, a Hobart brand dishwasher, a milk cooler, an iced tea machine, and various tables, chairs, bar stools, booster seats, and high chairs, and as modified the order is affirmed without costs.
Memorandum: This action arises out of a lease between plaintiff, as landlord, and defendant, as tenant, for a commercial property that was to be operated as a restaurant. The fifth paragraph of the lease provided that defendant had examined the premises, and accepted it in the condition that it was in at the time of lease commencement. The fifth paragraph further provided that defendant would "quit and surrender the premises at the end of the demised term in as good condition as on the commencement of th[e] lease, as the reasonable use thereof will permit." The thirtieth paragraph of the lease provided that "[t]he demised premises herein is a fully equipped restaurant and bar including furniture, equipment, fixtures and other personal property[,] including but not limited to those items set forth in Exhibit A attached hereto . . . Tenant agrees that all items contained in Exhibit A are in good condition and fully operable and are accepted by Tenant in as is' condition. Tenant must keep, and at the end of the Term return, all of said fixtures and personal property in good order and repair, reasonable wear and tear excepted. Tenant shall be responsible for replacement of any items contained in Exhibit A which are lost, stolen, damaged or become obsolete or worn out during the lease term."
After defendant vacated and surrendered the leased premises at the end of the lease term, plaintiff commenced this action and asserted seven causes of action, including for conversion and breach of lease based on allegations that defendant improperly removed restaurant equipment and fixtures when he vacated the premises. Following discovery, plaintiff moved for summary judgment on the complaint, and Supreme Court denied the motion. Plaintiff subsequently sought leave to reargue the motion and, upon reargument, the court granted that part of the motion with respect to liability. We note that the court failed to specify in either its bench decision or written order the cause or causes of action that served as the basis for granting the motion in part.
As a preliminary matter, we agree with defendant that the photographs submitted by plaintiff on its original motion were not properly authenticated (see generally People v Byrnes, [*2]33 NY2d 343, 347 [1974]), and that plaintiff's attempt to remedy that defect in its reply papers was improper (see David v Bryon, 56 AD3d 413, 414-415 [2d Dept 2008]). We note, however, that our decision herein is not based upon any photographs in the record.
We further agree with defendant that the court erred in granting the motion with respect to liability on the first through sixth causes of action, and we therefore modify the order accordingly. Even assuming, arguendo, that plaintiff met its initial burden on the motion (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]), we conclude that defendant's submissions raised triable issues of fact (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]), particularly on the issue whether he left the premises in a condition that conformed to the lease provisions.
Finally, we conclude that the court erred in granting the motion with respect to liability on the seventh cause of action, for breach of lease, except to the extent that it is based on certain items that defendant admitted removing or failing to replace. Specifically, defendant admitted in his interrogatory responses that, upon vacating the premises, he removed or failed to replace the following items that were present at the premises when he took possession: a steam boiler furnace, a hot water heater, a walk-in cooler, a two-sink stainless steel unit, a single door freezer, a small refrigerator, a small freezer described in Exhibit A as an "under work line," a two-sliding door refrigerator, three fryer units, one broiler, a Hobart brand dishwasher, a milk cooler, an iced tea machine, and various tables, chairs, bar stools, booster seats, and high chairs. Defendant's admissions establish as a matter of law that he breached the fifth and thirtieth paragraphs of the lease agreement with respect to only those items, and we therefore further modify the order accordingly.
In light of our determination, plaintiff's contention concerning spoliation is academic.
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court